ADAMS, GEORGE E., Associate Judge.
This is an appeal by the defendant, City of Fort Pierce, from an order of the trial court granting a new trial.
Gerald D. Cooper brought his action against the City of Fort Pierce and Warren Durham, a police officer of said city, in two counts. The first count alleges that said police officer, while acting in his capacity as a police officer and within the scope of his employment, did commit an intentional tort, to-wit: assault and battery against the plaintiff, from which the plaintiff suffered damages. The second count of said complaint alleges negligence on the part of the police officer, while acting within the scope of his employment, and that, as a proximate cause of said negligence, the plaintiff was injured.
At the trial of the case and at the conclusion of the plaintiff’s testimony, the court directed a verdict on count one, the intentional tort, and submitted count two, the negligence count, to the jury. After the court directed the verdict as to the city on count one, the plaintiff withdrew count one as to the police officer. The jury found for the defendant.
The case was tried prior to the time that the Supreme Court of Florida rendered its decision in City of Miami v. Simpson, Fla. 1965, 172 So.2d 435, wherein said court held that municipalities are liable for the intentional torts of its employees while acting within the scope of their employment. The above decision was handed down during the time a motion for new trial was pending before the trial judge. Upon hearing said motion, the trial court granted the motion for new trial, and the defendant appealed.
The defendant takes the position that since the jury in this case has heard the testimony and evidence and has decided that the police officer used reasonable force in attempting to arrest the plaintiff herein, *14 that the error of the court below in not submitting the issue on the intentional tort to the jury is harmless error. The defendant contends that the jury could not have found for the plaintiff on the intentional tort, it being necessary that the jury find on said count that the police officer used excessive force in making his arrest of the plaintiff herein.
If it is conceded that the jury in this case necessarily determined that the force used by the police officer in this case was reasonable under the facts and circumstances of the case to arrest the plaintiff, great difficulty arises in distinguishing the test which would be applied to the police officer under the negligence theory and that which would be applied to his conduct under the intentional tort theory. He would be charged with the duty of acting as a reasonably prudent man would act under the facts and circumstances as they then existed under the negligence count, and would be charged with those duties specified in the City of Miami v. Albro, Fla.App.1960, 120 So.2d 23, cited with approval by the Supreme Court of Florida in City of Miami v. Simpson, supra; that is, whether the officer under the facts and circumstances used excessive force in making an arrest.
“ * * * The limit of the force to be used by the police is set at the exercise of such force as reasonably appears necessary to carry out the duties imposed upon the officer by the public. See Dixon v. State, 101 Fla. 840, 132 So. 684, 688; Hutchinson v. Lott, Fla.App.1959, 110 So. 2d 442, 444. See also Restatement, Torts, § 132; Prosser, Torts, 111 (2nd ed. 1955). Whether the force used is reasonable is a question of fact to be determined in light of the circumstances of each particular case. In any case the officer can never use more force than reasonably appears to be necessary, or subject the person arrested to unnecessary risk of harm. If the officer exceeds the amount of force he is privileged to use under the circumstances, he is liable for only so much of the force as is excessive.” City of Miami v. Albro, supra, 120 So.2d at page 26.
We do not, however, concede that the jury found that the force used by the police officer was reasonable.
This case comes to this court upon a stipulated statement of fact which stipulated statement says that the defendant city made an oral motion to strike count one on the ground that a municipal corporation could not be held legally liable for the intentional tort of its officers; that the court granted such motion on said ground and ruled that the defendant city was not liable under the law for the intentional tort of its officer. We do not know what statements were made to the jury nor what directions were given them by the court in ruling on this motion. It further appears from said stipulated statement of fact that the case was submitted to the jury solely on count two, the negligence count, and the jury was instructed only upon negligence.
We must assume, therefore, that the court informed the jury that the defendant city was not liable for the intentional tort of its police officer and that it would be the duty of the jury to return a verdict for the defendant if they found that the police officer did intentionally injure the plaintiff. The jury, therefore, could have found that the police officer did maliciously and intentionally injure the plaintiff and upon said' finding of fact would have been required to return a verdict for the defendant city. Thus, it is possible that the jury never reached the question of whether or not the police officer used excessive force or reasonable force in making the arrest. It is. also true, of course, that the instructions to be given by the cóurt would be entirely different upon the assault and battery count than instructions given on the negligence count.
 It is well settled that the granting-of a new trial rests primarily in the sound legal discretion of the trial court and that his determination will not lightly be dis *15 turbed. Street v. Overholzer, Fla.1952, 58 So.2d 153. The burden rests upon the appellant to make it clearly appear that the trial court erred in exercising said discretion.
Affirmed.
SMITH, C. J., and ANDREWS, J., concur.