379 So.2d 712 (1980)
STATE of Florida, Appellant,
v.
Brenda Louise ROBINSON, Appellee.
No. 78-757/NT4-69.
District Court of Appeal of Florida, Fifth District.
February 13, 1980.
*713 Douglas Cheshire, Jr., State's Atty. and Norman A. Tharp, Asst. State's Atty., Titusville, for appellant.
David M. Porter, Public Defender, Titusville, and Joan H. Bickerstaff, Asst. Public Defender, Cocoa, for appellee.
FARRINGTON, OTIS, Associate Judge.
Appellee, Brenda Louise Robinson, was charged in Count II of an amended information with resisting, obstructing or opposing a municipal police officer, George T. Stenzel, in the lawful performance of a legal duty by offering or doing violence to the person of George T. Stenzel, by striking said officer with a blackjack contrary to Section 843.01, Florida Statutes (1977).[1]
Upon motion of appellee under the provisions of Florida Rule of Criminal Procedure 3.190(c)(4), the trial judge dismissed Count II of the amended information based on his finding as a matter of law that George T. Stenzel, an off-duty uniformed Melbourne Policeman hired by the Melbourne Jai Alai Fronton, was not engaged in the lawful performance of his duties at the time of the alleged offense. This is an appeal by the state from the order dismissing Count II of the amended information.
The factual basis for the charge contained in the dismissed count as disclosed by a stipulated statement of facts included in the Record on Appeal is not in dispute.
On January 9, 1978, George T. Stenzel, a police officer of the City of Melbourne was working during off-duty hours as security officer at the Melbourne Jai Alai Fronton. His duties as security officer consisted of checking birthdate identifications and overlooking the general peace and quiet at the fronton. His wages were paid entirely by the fronton management. The Melbourne Jai Alai Fronton is within the city limits of Melbourne, Brevard County, Florida.
On that night Officer Stenzel and other off-duty Melbourne police officers hired by the fronton were wearing their Melbourne Police Department uniforms complete with badge and weapon. This part-time employment and the wearing of uniforms had been approved by the Melbourne Police Department authorities.
At about 7:30 of the evening in question a group of two men and two women (one of whom was appellee Brenda Louise Robinson) entered the front door of the fronton. Officer Stenzel was present when two other off-duty Melbourne policemen, Sgt. Young and Sgt. Malone, similarly employed by the fronton as part-time security officers, requested to see the identification of one of the men, who appeared to the officers to be *714 too young to be admitted to the fronton. This man who will be referred to as the "first man" failed to produce identification as requested and was told either to produce identification proving his age or leave the fronton. After an argument the first man went outside to get his money back.
The other members of the group continued the argument during which the second man grabbed Sgt. Young. A scuffle ensued and the second man was placed under arrest for trespass. Sgt. Young, assisted by Sgt. Malone, escorted the arrested man from the fronton. They proceeded outside where they attempted to handcuff the arrested man. The first man reappeared and attempted to pull the officers away from the arrested man. Officer Stenzel came to the assistance of Sgt. Malone and Sgt. Young. While they were scuffling the appellee Brenda Louise Robinson removed a blackjack from Sgt. Malone's rear pocket with which she struck Officer Stenzel several times.
The only question to be decided in this appeal is whether Officer Stenzel was engaged in the lawful execution of a legal duty at the time appellee Brenda Louise Robinson struck him with a blackjack. We hold that under the circumstances disclosed by the stipulated statement of facts the officer was engaged in the lawful execution of a legal duty and reverse.
In ruling that Officer Stenzel was not engaged in the lawful execution of his duties at the time he was assaulted, the trial judge relied on the case of Soverino v. State, 356 So.2d 269 (Fla. 1978),[2] wherein it is stated:
... Because the public welfare is protected by the performance of these duties, the legislature in its wisdom has chosen to accord greater protection to one who performs these indispensable public services. When an officer is not performing his official duties, he is no longer protecting the public welfare and, consequently, the statute yields him no greater protection than that accorded to members of the general public.
Soverino involved a constitutional attack on a statute providing enhanced penalties for persons assaulting law enforcement officers engaged in the lawful performance of their duties, but did not involve any determination of what activity of the officer constituted lawful performance of his duty. That case is not valid authority for holding as a matter of law that Officer Stenzel was not engaged in the lawful execution of his duties at the time he was assaulted by appellee.
A full time police officer is authorized by Florida law during off-duty hours at the discretion of his superior officers to carry firearms and to perform those law enforcement functions that he normally performs during duty hours.[3] In the case of State v. Williams, 297 So.2d 52 (Fla. 2d DCA 1974), involving a situation where a uniformed city policeman hired by the management of a dance hall to work during off-duty hours seized a handgun from a handbag which a patron sought to carry into the dance hall and arrested the patron, it was held that the officer acted as an officer of the city in makimg the seizure. It was stated in that opinion:
... The appellee stood in line and disclosed the contents of her handbag to an employee of the establishment, who, observing a handgun therein called Sergeant Philmore, an off-duty but uniformed officer of the City of Tampa, who seized the weapon and arrested appellee.

*715 ... We agree with the trial judge that Sergeant Philmore acted as an officer of the City of Tampa.
We hold that Officer Stenzel's "off-duty" status was not a limitation upon his right to exercise police authority in the presence of criminal activity.[4] He was engaged in the lawful performance of his duty as a police officer of the City of Melbourne when he came to the assistance of Sgt. Young and Sgt. Malone who were struggling to maintain custody of the man they had arrested and were in the process of removing from the fronton premises.
The order appealed from is reversed and the case remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
MOORE, JOHN H., II, and BERANEK, JOHN R., Associate Judges, concur.
NOTES
[1] 843.01 Resisting officer with violence to his person.  Whoever knowingly and willfully resists, obstructs, or opposes any sheriff, deputy sheriff, officer of the Florida Highway Patrol, municipal police officer, ... or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Soverino v. State, supra, involved a challenge to the constitutionality of Sec. 784.07, Fla. Stat. (Supp. 1976), which reclassified the offense of battery of a law enforcement officer "engaged in the lawful performance of his duties" from a misdemeanor of the first degree to a felony of the third degree. In that case the appellant after being arrested by a municipal police officer and transported to the police station to be booked, struck a law enforcement officer in the mouth. The Florida Supreme Court upheld the statute, rejecting the contention that it violated the appellant's right of equal protection under the law by punishing more severely those who assault law enforcement officers or firefighters than those who commit the same act upon any other person.
[3] Sec. 790.052, Fla. Stat. (1977).
[4] See Wood v. State, 486 S.W.2d 771 (Crim. App.Tex. 1972).