RYDER, Judge.
Charles Monroe appeals from his convictions of battery of a law enforcement officer and obstructing or opposing an officer without violence. The appellant raises three points on appeal; we find two of the appellant’s points to be without merit but agree with the appellant’s third point in which he contends that the trial court erred by not giving a requested jury instruction on defense of others.
On June 26, 1978, two undercover police officers attempted to arrest the appellant’s brother. The appellant, who claimed he did not know the two men chasing his brother were police officers, attempted to aid his brother. Although there was substantial evidence which tended to prove that the appellant probably knew that the men were in fact police officers, the appellant testified on his own behalf that he did not know that the men were police officers. As this was the appellant’s theory of defense, and since there was evidence to support that theory, however tenuous it might have been, the appellant was entitled to the requested jury instruction on defense of others.
In the case sub judice we are constrained to hold the trial Court in error in refusing to give the jury the requested instruction . . However, disdainfully the trial Judge may have felt about the merits of such defense from a factual standpoint, however even we may feel about it, is beside the point. It was for the jury and the jury alone to pass upon it as a recognized defense to a criminal charge. And if there was “evidence introduced in support thereof” . . . , the defendant was “entitled to have the jury instructed on the law applicable to his theory of defense.”
Koontz v. State, 204 So.2d 224, 227 (Fla. 2d DCA 1967). Accord, Laythe v. State, 330 So.2d 113 (Fla. 3d DCA 1976).
The trial judge erred by refusing to give the requested jury instruction on the defense of others. Accordingly, the judgment and sentence is reversed and the case remanded for a new trial.
HOBSON, Acting C. J., and DANAHY, J., concur.