400 So.2d 533 (1981)
Linda HUGHES a/K/a Leila Wilson, Appellant,
v.
STATE of Florida, Appellee.
No. SS-109.
District Court of Appeal of Florida, First District.
June 22, 1981.
Rehearing Denied July 24, 1981.
Michael J. Minerva, Public Defender, Nancy Daniels, Asst. Public Defender, Tallahassee, for appellant.
*534 Jim Smith, Atty. Gen., A.S. Johnston and Miguel A. Olivella, Jr., Asst. Attys. Gen., Tallahassee, for appellee.
WENTWORTH, Judge.
Hughes appeals her conviction for the battery of a law enforcement officer in violation of § 784.07, Florida Statutes (1977). That statute provides more severe punishment for persons who batter law enforcement officers than § 784.03, Florida Statutes (1977), provides for those persons who commit the same act against any other person. Hughes asserts that because the officer who arrested her was privately employed at the time of her arrest, he was not engaged in the performance of his official duties, and, therefore, there exists no rational basis for punishing her under the more stringent statute. We affirm.
On May 25, 1979, Officer Zipperer, a Duval County Deputy Sheriff, was privately employed as a security guard at the J.C. Penney Department Store in Jacksonville. While on duty as a security guard, Zipperer noticed two females, one of whom was the appellant, acting suspiciously at a clothing rack. Zipperer went to the stockroom which was equipped with a two-way mirror. While observing the two women through the mirror, Zipperer saw Hughes place several items of clothing in her purse. He then approached Hughes, told her he was a police officer, showed her his badge and told her he was arresting her. Hughes bumped the officer and ran to the door. When Officer Zipperer attempted to subdue Hughes, she struck him and tore his shirt.
The State subsequently charged Hughes with petit theft and with battery on a law enforcement officer. She was convicted of the battery, but the trial court declared a mistrial on the petit theft count.
Section 784.07, Florida Statutes (1977), makes the battery of a law enforcement officer a third degree felony:
(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer or a firefighter while the officer or firefighter is engaged in the lawful performance of his duties, the offense for which the person is charged shall be classified as follows:
* * * * * *
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
In Soverino v. State, 356 So.2d 269 (Fla. 1978), the appellant challenged the constitutionality of § 784.07. The Supreme Court determined the statute passed constitutional muster and stated:
Because the public welfare is protected by the performance of these duties, the legislature in its wisdom has chosen to accord greater protection to one who performs these indispensable public services. When an officer is not performing his official duties, he is no longer protecting the public welfare and, consequently, the statute yields him no greater protection than that accorded to members of the general public.
Id. at 272.
The Court in Soverino did not, however, address the issue of whether a law enforcement officer is in the performance of his official duties while employed as a security guard. That issue was resolved by our sister court in State v. Robinson, 379 So.2d 712 (Fla. 5th DCA 1980). In Robinson, the trial court dismissed an information alleging Robinson resisted an officer with violence to his person in violation of § 843.01, Florida Statutes (1977). The underlying incident occurred while an off-duty police officer was employed as a security guard at a jai alai fronton. The appellant struck the uniformed officer when he came to the assistance of two other off-duty officers who were struggling to maintain custody over a man they had arrested. The court stated:
We hold that Officer Stenzel's `off-duty' status was not a limitation upon his right to exercise police authority in the presence of criminal activity. He was engaged in the lawful performance of his duty as a police officer of the City of Melbourne when he came to the assistance *535 of Sgt. Young and Sgt. Malone, who were struggling to maintain custody of the man they had arrested and were in the process of removing from the fronton premises [footnote omitted].
Id. at 715.
In this case, Officer Zipperer testified he observed the appellant placing clothing in her purse. He then identified himself before arresting Hughes. Whether or not the officer was performing official duties prior to that time, his subsequent self-identification and arrest of Hughes constituted a dutiful exercise of police authority in the presence of criminal activity.[1]
The court has requested and received memoranda as to potential applicability of the lesser penalty of § 812.015(6), Florida Statutes (Supp. 1978), governing battery of privately employed security guards as a general class. We conclude that reversal on that authority is not warranted. In light of the legislative intent as interpreted in Soverino, we hold there is a rational basis for punishing Hughes' action under the more stringent provisions of § 784.07.
The conviction is affirmed.
MILLS, C.J., and McCORD, J., concur.
NOTES
[1] The fact that the trial court declared a mistrial on the petit theft count has no bearing on the appropriateness of the exercise of police authority. Brown v. State, 91 So.2d 175 (Fla. 1956); Trivette v. State, 244 So.2d 173 (Fla. 4th DCA 1971).