410 So.2d 1358 (1982)
Steven Robert TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. VV-50.
District Court of Appeal of Florida, First District.
March 11, 1982.
Rehearing Denied April 1, 1982.
*1359 Michael Allen, Public Defender, Nancy A. Daniels, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
After a jury trial, appellant was found guilty of battery on a law enforcement officer. Three points raised on appeal merit discussion. First, whether the victim could be considered a law enforcement officer at the time of the offense. Second, whether the court erred in denying appellant's requested instruction on self-defense. Third, whether the court erred in denying appellant's requested instruction on penalties.
At trial, the evidence presented established that Clark, a deputy sheriff, resided in an apartment complex rent-free for acting as the security guard for the complex. Clark was awakened at approximately 3:00 A.M. on the date of the offense due to a disturbance created by several intoxicated persons congregating in the parking lot of the complex. Clark called the sheriff's office reporting the disturbance. Clark then, in plain clothes, approached the group, identified himself as a police officer showing his badge, and told the crowd to disperse. While returning to his apartment, Clark heard appellant curse him. Clark returned to appellant and asked for some identification. Appellant failed to produce any identification and was belligerent. Clark then decided to place appellant under arrest for making threats and disorderly intoxication. A scuffle ensued where Clark was struck in the throat and chest by appellant. Clark subdued appellant and turned him over to the sheriff's officers when they arrived.
Appellant's contention that at the time of the incident Clark was acting in his private capacity as a security guard and thus cannot be considered to be a law enforcement officer has been resolved against appellant in the factually similar case of Hughes v. State, 400 So.2d 533 (Fla. 1st DCA 1981). Here, as in Hughes, once the officer identified himself as a deputy sheriff and attempted to make an arrest, he was engaged in the exercise of police authority. A battery committed upon an officer in such a situation constitutes battery on a law enforcement officer.
Appellant next contends that it was error for the trial court to deny his request that the self-defense instruction be given with regard to the charge of battery on a law enforcement officer. The State argued, and the trial court agreed, that a jury instruction of self-defense on this charge would have been improper because Florida Statute § 776.051 prohibits the use of force in resisting an arrest by a known law enforcement officer. There is substantial case law which would support a reversal on this issue.
There is a right to a self-defense instruction when there has been sufficient evidence presented to support it. Kilgore v. State, 271 So.2d 148 (Fla. 2nd DCA 1972). A defendant is entitled to his requested self-defense instruction regardless of how weak or improbable his testimony may have been with respect to the circumstances leading up to the battery. Taylor v. State, 301 So.2d 123 (Fla. 4th DCA 1974); Redondo v. State, 380 So.2d 1107, 1111 (Fla. 3rd DCA 1980). In Monroe v. State, 384 So.2d 50 (Fla. 2nd DCA 1980), the court held that when a defendant testified that he did not know the alleged victim of the battery was a police officer he was entitled to a requested instruction on the defense of others. In Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), this court held that a person is entitled to defend himself against unlawful or excessive force even when being arrested.
However, we question whether the defendant properly requested the instruction in the present case. Rule 3.390(c), Florida Rules of Criminal Procedure, provides that any party may file written requests that the court instruct the jury on the law as set forth in the requests. The record on appeal contains the special jury *1360 instructions requested by the defense and there is no written request that the jury be instructed on self-defense. The failure to properly present the request to the trial court would preclude appellate review on this issue. However, in light of our disposition of the final point raised by appellant, we find it unnecessary to rule on this point.
Finally, appellant contends that the trial court's denial of a requested instruction on the maximum and minimum sentences which may be imposed constitutes error. We note that the request for the instruction on penalties was orally made. However, a request for a charge on maximum and minimum sentences is addressed by the Florida Rules of Criminal Procedure in a separate subsection from that which requires other instructions to be in writing. The portion of the rule directed to this charge provides that upon the request of either the State or the defendant the judge shall include in the charge the maximum and minimum sentences which may be imposed for the offense for which the accused has been on trial. Fla.R.Crim.P. 3.390(a). In the present case, the defendant did request the charge include this information and an objection to the denial of the request was made. When a defendant makes a timely request for such an instruction, it is reversible error for the trial judge to omit that instruction. Tascano v. State, 393 So.2d 540 (Fla. 1980). Hubbard v. State (Fla. 1st DCA, opinion filed February 23, 1982). Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
McCORD and SHIVERS, JJ., concur.
BOOTH, J., dissents.
BOOTH, Judge, dissenting:
I would affirm the judgment of conviction below.