423 So.2d 562 (1982)
Joe Willis HOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. AI-462.
District Court of Appeal of Florida, First District.
December 16, 1982.
*563 Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Holley appeals his conviction for battery of a law enforcement officer. He argues that the trial court erroneously refused to instruct the jury on the theory of his defense. We agree, and therefore reverse and remand.
Holley, defendant below, was accused of beating Joseph Lazenby, a correctional officer at Union Correctional Institution. At trial, Lazenby and Holley offered widely different versions of the incident. Lazenby testified that he was supervising the feeding of the southwest unit, which was understaffed due to an incident occurring elsewhere in the prison. Holley was walking in the line with a bowl of cake in his hands, which was against the rules. Lazenby stated he told Holley to put the cake back and Holley agreed, but that when Lazenby turned his back Holley jumped over the rail and tried to punch him. Lazenby, who was hit on the side of the face, grabbed Holley, pushed him over a table and tried to handcuff him. At this point, Lazenby stated he was hit in the back by an unknown assailant. According to Lazenby, Holley used this opportunity to pick Lazenby up, throw him over the rail and begin kicking him. Lazenby also testified that some of the 150 to 200 inmates in the area at the time of the incident took part in this fight, but that he couldn't tell who they were because they were to his back. Finally, other officers made their way through the crowd to assist Lazenby and end the incident. Lazenby denied striking or slapping Holley other than in trying to put handcuffs on him. Another correctional officer, John Jacobson, basically corroborated Lazenby's testimony. Jacobson, however, did not observe the entire incident and, apparently, did not observe the critical moments before the fight began.
Holley testified that the incident occurred on his birthday. Another inmate gave Holley two pieces of cake in a bowl and as he walked through the line Lazenby came up and told him to put the cake back. Holley stated that when he protested, Lazenby swung at him and struck him. The two *564 men then "locked up" across the rail and began to wrestle. Holley testified that Lazenby continued to hit him until other officers came in and broke up the fight. Holley testified that he made no aggressive movements toward Lazenby until Lazenby hit him. Four other inmates of Union Correctional Institution testified and basically corroborated the testimony of the defendant, Holley.
In his closing statement to the jury, defense counsel argued that Officer Lazenby was not engaged in the performance of a legal duty in that he precipitated the alleged battery by slapping the defendant without provocation. Counsel also contended that since Lazenby started the fight, the defendant was acting in self-defense. Defense counsel had requested that the trial court give the standard jury instruction on self-defense, and had also submitted a written request for a special jury instruction. The special instruction stated that if the jury found that Lazenby struck the defendant before he was struck or threatened by the defendant, then Lazenby was not engaged in a lawful execution of a legal duty, which is an essential element of the offense of battery of a law enforcement officer. The trial court declined to give either instruction.
It is axiomatic that a defendant is entitled to a jury instruction on the theory of his defense if there is evidence in the record to support it. Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). In the instant case there is much testimony in the record that defendant Holley was struck first. From this testimony, the jury could have concluded that Holley was acting in self-defense. A defendant is entitled to his requested self-defense instruction regardless of how weak or improbable his testimony may have been with respect to the circumstances leading up to the battery. Taylor v. State, 410 So.2d 1358 (Fla. 1st DCA 1982). A person is entitled to defend himself against unlawful or excessive force even when being arrested. Ivester v. State, 398 So.2d 926 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 470 (Fla. 1982). Appellee's reliance on the testimony of state witnesses, while apparently ignoring in testimony of defense witnesses, to conclude that there is no evidence in the record to support a theory of self-defense is wrong.
The real question here, is whether appellant properly requested the self-defense instruction, and therefore, whether the question is properly preserved for review. Defense counsel submitted a written request for special instructions and also orally requested the standard jury instruction on self-defense. The defense fully complied with Fla.R.Crim.P. 3.390(d) in that defense counsel objected to the court's refusal to give his instruction before the jury retired to consider its verdict, and counsel stated distinctly the matter to which he objected and the grounds of his objection. While defense counsel's requested jury instructions numbers 1 and 2 were made a part of the trial record, the Florida standard jury instruction on self-defense, Fla. Std.Jury Instr. (Crim) 3.04(d), was not made a part of this record. Fla.R.Crim.P. 3.390(c) states that any party may "file written requests" that the court instruct the jury on the law as set forth in the request. We are aware that there is obiter dictum in the case of Taylor v. State, 410 So.2d 1358 (Fla. 1st DCA 1982), which states that failure to include a written request for a jury instruction may preclude appellate review under Rule 3.390(c). Id. at 1359-60. We hold, however, that the requirement of written jury instructions is inapplicable when a Florida standard jury instruction is requested on the record. The reason for requiring filed, written requests for instructions is clear in the case of special, nonstandard jury instructions. Without the text of the request itself in the record there would be nothing to review. Florida standard jury instructions, however, are already written, well known by all judges and lawyers, and in a form of which judicial notice can be taken. The rationale of requiring written instructions to be filed, therefore, should not apply to standard instructions. Furthermore, Rule 3.390(c) does not explicitly state that failure to comply with its written *565 and filed requirement is fatal to an appeal. This is in marked contrast to Rule 3.390(d) which states "No party may assign as error grounds of appeal the giving or failure to give an instruction unless... ." Since in the case sub judice the defendant properly requested the standard jury instruction on self-defense, and since there was evidence in the record to support that instruction, it was error for the trial court to refuse to give it. On this record we cannot say that the error is harmless.
Appellant's further contention that the trial court erred in refusing to give defendant's special instruction number 1 is flawed by the fact that special instruction number 1 is not a correct statement of the law. Requested instruction number 1 appears to assume as a matter of law that if Officer Lazenby struck the defendant first, then he used excessive force and therefore was not engaged in the lawful execution of a legal duty. Whether Lazenby's striking of the defendant first would constitute an excessive use of force, however, was a question for the jury. Cf. City of Fort Pierce v. Cooper, 190 So.2d 12 (Fla. 4th DCA 1966). Therefore, the trial court did not err in refusing to give this instruction.
The judgment below is REVERSED and the cause REMANDED for a new trial.
ROBERT L. SMITH, Jr., C.J., and THOMPSON, J., concur.