575 So.2d 1328 (1991)
STATE of Florida, Appellant,
v.
Wade HARTZOG, Appellee.
No. 90-1231.
District Court of Appeal of Florida, First District.
February 20, 1991.
*1329 Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., for appellant.
Barbara M. Linthicum, Public Defender, and Carl McGinnes, Asst. Public Defender, for appellee.
ERVIN, Judge.
The state appeals a post-verdict order granting defendant's motion for directed verdict of acquittal to the charge of battery of a law enforcement officer, reducing the verdict of guilty as charged to the lesser offense of simple battery. We reverse and remand the case with directions to the court to impose judgment and sentence consistent with the verdict returned by the jury.
The victim, Dan Bates, in addition to being a police officer with the Panama City Police Department, was also employed as an off-duty security guard in a Sears department store. At the time of the offense, Bates was working at Sears monitoring the store cameras for the purpose of apprehending any shoplifters. While so doing, he observed appellee and another person removing certain items from store shelves and stuffing those items into their clothing. Bates alerted another store employee, James Wilson, advising him that two persons had possibly shoplifted. Wilson confronted the two men outside the store, revealed his Sears identification card, and told them to return inside the store. At that point, Officer Bates arrived, displayed his police badge, and identified himself as a police officer. Appellee struck Bates and attempted to flee, but Bates apprehended him.
At trial, Hartzog moved for judgment of acquittal (JOA) at the close of the state's evidence and then renewed his motion after presentation of all of the evidence. The lower court deferred ruling until after the jury returned a verdict. Hartzog renewed his motion following reception of the verdict of guilty to the offense charged and, at a subsequent hearing on the motion, the court granted the motion and reduced the verdict to simple battery. In so ruling, the trial court concluded that Bates was not *1330 exercising any lawful duty, as required by the statute on which the charged offense was based,[1] because, in his judgment, all Bates was doing at that time was investigating a suspected shoplifting offense in his capacity as a Sears employee, and the defendant had merely been told by another Sears employee to return inside the store for the purpose of exploring the matter further.
We cannot agree with the court's conclusion. We consider it immaterial whether a law enforcement officer is employed in an off-duty or private capacity at the time of a battery, if it can reasonably be determined that he was then engaged in the lawful performance of his duties as an officer. See Taylor v. State, 410 So.2d 1358, 1359 (Fla. 1st DCA), (although deputy sheriff was employed as a security guard at an apartment complex, once he identified himself as a police officer and attempted to make an arrest, he was engaged in the lawful exercise of police authority), review denied, 418 So.2d 1281 (Fla. 1982). Nor is it essential to a conviction for battery of a law enforcement officer that the officer demonstrate that he was engaged in the lawful performance of his duties by actually placing a detained suspect under arrest. All that is required is that the defendant be lawfully detained at the time of the battery.
Although Bates testified at trial that the reason he identified himself as a police officer was because he intended to place the defendant under arrest for theft, his actual intention to arrest  communicated or otherwise  is immaterial, from a plain reading of the statute, so long as he was engaged in the lawful performance of his duties. By way of comparison, in M.C. v. State, 450 So.2d 336 (Fla. 5th DCA 1984), the Fifth District upheld a delinquency adjudication based upon a violation of Section 843.02, Florida Statutes (1983), making it a misdemeanor of the first degree to resist an officer without violence to the officer's person. Section 843.02 provided in part, similar to section 784.07, that the officer, at the time of the offense, must either be "in the execution of legal process or in the lawful execution of any legal duty." In M.C. the court observed that if a police officer encounters a person under circumstances which authorize the officer to temporarily detain that person pursuant to the Florida Stop and Frisk Law,[2] and the officer intends to detain the person for the purpose of ascertaining such person's identity and the circumstances of his presence, and if such person understands that the officer desires to detain him, and then undertakes to commit an intentional act to prevent lawful detention, such person may be guilty of a violation of the statute. In affirming the adjudication, the court recognized that the officer was there carrying out a legal duty based on facts which gave him reasonable suspicion to lawfully detain rather than probable cause to arrest. M.C., 450 So.2d at 337.
Again in Kaiser v. State, 328 So.2d 570 (Fla. 3d DCA 1976), the Third District held that a defendant could be convicted of resisting an officer with violence to his person, as proscribed by Section 843.01, Florida Statutes (1973), which, in language also similar to section 784.07(2), required that the law enforcement officer or other person be "legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty." In so holding, the court concluded that the officer, who was conducting an investigation at the time of the assault, had the right to temporarily detain the defendant *1331 for further questioning in order to continue his investigation, and it was immaterial whether the officer had the authority to arrest the defendant for a crime at the time that the defendant resisted the officer with violence to his person. Kaiser, 328 So.2d at 571.
Following the decisions in the above cases, we conclude that Officer Bates was engaged in the lawful performance of his duties as a law enforcement officer at the time appellee committed a battery upon him, in that Bates was then lawfully assisting in an investigation in order to determine whether the person detained had committed a criminal act. All that section 784.07(2) demands is that the defendant know or reasonably understand that the officer desired to detain him, and if the defendant responds to the detention with a battery upon the detaining officer, the defendant may then be guilty of violating the statute.
Appellee has also moved this court to dismiss the state's appeal. While recognizing that Section 924.07(1)(j), Florida Statutes (1989), expressly permits the state to appeal a "ruling granting a motion for judgment of acquittal after a jury verdict," and that the ruling in the case at bar was made after the verdict's return, appellee argues that because the motions to which the ruling related were made before the verdict, the provisions of the statute therefore apply only if a motion for JOA is made after the jury returns its verdict. We find no merit to this argument. Section 924.07(1)(j) expressly authorizes the state to appeal from a ruling following a jury verdict. Obviously, if the words of a statute are unambiguous, judicial interpretation should not displace the clearly stated intent.
The order granting motion for judgment of acquittal is REVERSED and the case is REMANDED with directions to the court to impose judgment and sentence in accordance with the verdict rendered.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Section 784.07(2)(b), Florida Statutes (1989), provides:

(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer, a firefighter, an intake officer as defined in s. 39.01, or a parking enforcement specialist as defined in s. 316.640, while the officer, firefighter, intake officer, or parking enforcement specialist is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
* * * * * *
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
[2] § 901.151, Fla. Stat. (1983).