PER CURIAM.
Defendant seeks reversal of his conviction for aggravated assault on a law enforcement officer. We affirm.
The state presented evidence that Detective Rodney Clayton, while driving home from work, was stopped at a red light when the defendant approached the officer, drew a gun and threatened to kill him. Clayton backed his car out of the way and radioed for assistance. The defendant got in his car and fled. Clayton followed. Thereafter, the two responding police units spotted defendant’s car and ordered him to pull over.
Following procedures for a high-risk stop, Officer Ray ordered defendant out of the car. The trial testimony of Officer Ray indicates that while the defendant was getting out of the car, before the defendant was subdued, and before the pat-down where defendant’s pistol was confiscated, the defendant again threatened Detective Clayton, who was standing nearby:
Q: Officer, at the scene when you stopped the defendant and commanded him, he was commanded out of the car, was he making any statement?
A: He was very loud and very boisterous at the time, yes.
Q: What was he saying?
A: He was pointing at Detective Clayton, he was pointing his finger and kept say: “I’m going to kill the nigger.”
We conclude the evidence at trial was sufficient to support the instant conviction. When Detective Clayton followed in pursuit of the defendant, the detective was engaged in the exercise of police authority. See Taylor v. State, 410 So.2d 1358 (Fla. 1st DCA), review denied, 418 So.2d 1281 (Fla.1982); Hughes v. State, 400 So.2d 533 (Fla. 1st DCA), review denied, 411 So.2d 382 (Fla.1981). The stop was made in a manner which demonstrated the officers’ fear that violence was imminent. Thus, the defendant’s threat to kill the detective, at a time when the defendant was not subdued and still had possession of his weapon, constituted an assault upon an officer engaged in the lawful performance of his duties. Soverino v. State, 356 So.2d 269 (Fla.1978); § 784.07(2), Fla.Stat. (1991).
Accordingly, defendant’s conviction and sentence are affirmed.