783 So.2d 1095 (2001)
Natalie NICOLOSI, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1478.
District Court of Appeal of Florida, Fifth District.
March 9, 2001.
*1096 Michael J. Snure and Tad A. Yates of Kirkconnell Lindsey & Snure, P.A., Winter Park, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Natalie Nicolosi ("Nicolosi") appeals her judgment and sentence which were imposed by the trial court after a jury found her guilty of committing the crime of battery on a law enforcement officer in violation of sections 784.03(1)(a) 1. and 784.07(2)(b) of the Florida Statutes (1999). She challenges her conviction arguing that the State failed to sustain its burden of proving the elements of the offense. We agree.
A conviction for battery on a law enforcement officer requires proof that the officer was "engaged in the performance of a lawful duty" not just "on the job." See Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999). See also Jay v. State, 731 So.2d 774 (Fla. 4th DCA 1999) (holding that, in a case involving resisting an officer without violence, undercover police officer was not performing a legal duty where officer was not detaining or attempting to detain defendant for a crime he had committed). A police officer can be engaged in a lawful duty when working an off-duty job, such as where the officer is assisting in the investigation of an alleged shoplifter, see State v. Hartzog, 575 So.2d 1328 (Fla. 1st DCA), rev. denied, 581 So.2d 1308 (Fla.1991), where the police officer is assisting other officers who are struggling to maintain custody of a man they had arrested; see State v. Robinson, 379 So.2d 712 (Fla. 5th DCA 1980); and where the officer is trying to apprehend a shoplifter; see Hughes v. State, 400 So.2d 533 (Fla. 1st DCA) rev. denied, 411 So.2d 382 (Fla. 1981). As the court in Robinson aptly noted, an officer's off-duty status is "not a limitation upon his right to exercise police authority in the presence of criminal activity." 379 So.2d at 715. In this case, the State failed to prove that the victim was "engaged in a lawful duty" at the time of the battery.
To that end, the relevant facts, taken in the light most favorable to the State,[1] reveal the following situation. Nicolosi was a college student who was turned away from the nightclub because of her failure to produce adequate identification for admission. Nicolosi's victim was a police officer in uniform who was working at an off-duty *1097 job at the nightclub. Among other things, the police officer was responsible for checking identification. Nicolosi repeatedly attempted, on at least ten occasions over a period of about one hour, to obtain admission to the nightclub in spite of the officer's decision to deny her admission. When she still refused to leave, the officer issued her a trespass warrant.[2] She returned again, called the officer names and either slapped or hit him. She was promptly and appropriately arrested. No criminal activity or investigation of criminal activity on the part of Nicolosi prior to the battery was proven, nor was there proof of any other activities of an official police nature, as opposed to activities exclusively for the interest of the private employer.
Given the absence of evidence that the officer was engaged in a lawful duty at the time of the battery, we must reverse the judgment of guilt as to the offense of battery on a law enforcement officer, and remand with instruction to impose a judgment and sentence for simple misdemeanor battery. See § 784.03(1)(a) 1. Fla. Stat.(1999).
VACATED and REMANDED.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] See Orme v. State, 677 So.2d 258 (Fla.1996).
[2] At trial, the court ruled that the trespass warrant was of no force or effect because the area involved in the dispute was a public sidewalk. No challenge to that determination has been raised.