967 So.2d 1050 (2007)
J.A.S.R., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3276.
District Court of Appeal of Florida, Fifth District.
November 2, 2007.
James S. Purdy, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
At the conclusion of an adjudicatory hearing, appellant was found guilty of battery of a law enforcement officer.[1] His motions for judgment of dismissal were denied during and after the trial. Appellant contends that the evidence was insufficient to support a finding that the officer/victim was engaged in the performance of a lawful duty at the time of the alleged battery. We agree.
We review the denial of appellant's motions for judgment of dismissal de novo. In doing so, we view the evidence in the light most favorable to the State. A.P.R. v. State, 894 So.2d 282, 285 (Fla. 5th DCA 2005).
Orlando Police Officer Bryan Fischer was working in an off-duty status at Wet-n-Wild. His job functions were to assist security officers with unruly guests and to help "clear out the park" at closing time. On the day in question, appellant's brother, a patron at Wet-n-Wild, was acting in an unruly fashion. However, he was not *1051 alleged to have been engaged in any criminal activity. Officer Fischer grabbed the brother's arm and began to escort him from the park. Appellant grabbed hold of his brother and demanded that Fischer release him. Officer Fischer attempted to push appellant away  at which time appellant battered Fischer by grabbing the officer's arm.
At the time of the incident, Officer Fischer was wearing his police uniform. However, he acknowledged that he was not "trespassing" appellant's brother from the property. Furthermore, Officer Fischer never instructed appellant's brother to leave the park prior to restraining him. Thus, this case does not involve a situation where an individual has refused to comply with a police officer's lawful directive.
In this case, Officer Fischer was not engaged in the process of effecting an arrest at the time he was battered by appellant. In a non-arrest case, the State must prove the officer was "engaged in the lawful performance of his or her duties" to establish the offense of battery of a law enforcement officer. Tillman v. State, 934 So.2d 1263, 1266 (Fla.2006).[2]
We find that Tillman requires us to vacate the finding that appellant was guilty of battery of a law enforcement officer. In Tillman, several police officers entered the screened pool enclosure of a residence because one or two of the guests at a party being held at the residence had allegedly verbally threatened one of the officers. Tillman was suspected of having made a verbal threat. Tillman was wearing a "very heavy jacket," although it was not cold outside. An officer asked Tillman if he could pat him down. Tillman refused, but the officer patted him down anyway. No weapons were found. Tillman then ignored the officer's request to sit down and began to walk away. The officer grabbed Tillman, at which point Tillman spun around and put the officer in a headlock. After a struggle in which the officer was injured, Tillman was pepper-sprayed, arrested, and ultimately charged with aggravated battery on a law enforcement officer and resisting an officer with violence. After a jury trial, he was found guilty on both charges. Tillman appealed to this Court, contending that the trial court erred in denying his motion for judgment of acquittal because the State failed to present prima facia evidence that the officer was engaged in the lawful execution of his duties  a necessary element of both offenses. We affirmed the convictions, finding that pursuant to section 776.051(1), Florida Statutes (1997),[3] an individual could not forcibly resist an officer even if the officer's actions may have been technically illegal. Tillman v. State, 807 So.2d 106 (Fla. 5th DCA 2002). The Florida Supreme Court reversed, concluding that section 776.051(1) only applied to those situations in which an individual was resisting an arrest by a law enforcement officer.
Section 776.051(1) forecloses the defense of justifiable use of force by a defendant who resists an arrest by a law enforcement officer, regardless of the legality of the arrest. The plain meaning of the language used in this provision limits its application to arrest scenarios.
*1052 Tillman, 934 So.2d at 1269. The supreme court recognized that while there may be policy reasons to extend the prohibition in section 776.051(1) beyond police/citizen encounters involving an arrest, the Legislature had failed to do so. Id. at 1269-70.
After concluding that section 776.051(1) did not apply to non-arrest cases, the supreme court then examined the definition of "lawful performance of a legal duty." The court rejected a test based on whether an officer was acting as a "reasonable officer." Instead, the supreme court determined that courts must apply the legal standards governing the duty undertaken by the law enforcement officer at the time that an assault, battery, or forcible resistance occurs. Id. at 1271.
The supreme court quashed our decision and remanded for reconsideration of the denial of Tillman's motion for judgment of acquittal in accordance with the holdings set forth in its opinion. Id. at 1274. The court observed that there was an unresolved issue as to whether the police officer was engaged in the lawful performance of his duties when he entered into the screened pool enclosure. The court further found that Tillman's status as a guest, as opposed to an owner or resident, was irrelevant to the determination of whether the officer was engaged in the lawful performance of his duties at the time that the struggle with Tillman occurred.
Contrary to the Fifth District's determination, Tillman's status as a guest does not preclude application of the law governing warrantless entry into a home in determining whether the officer was lawfully executing a legal duty. The `lawful execution' element does not carry with it the standing requirements that have developed in Fourth Amendment precedent. Even if Tillman's status as a guest would deprive him of standing to seek suppression of evidence that might have been seized from the home, that status is irrelevant to the determination whether the State established that the officer was in the lawful execution of his duties when the struggle with Tillman occurred.
Id. at 1272 (footnote omitted).
The supreme court also found that there were unresolved issues as to whether the officer was engaged in the lawful performance of his duties when he patted down Tillman without Tillman's consent, and when he grabbed Tillman's shoulder as Tillman attempted to walk away. Significantly, the court concluded that an officer would not be engaged in the lawful performance of his duties if the officer physically restrained an individual despite the lack of a reasonable suspicion that the individual was involved in criminal activity or that the individual was armed.
The detention of Tillman constituted lawful execution of a legal duty only if the facts known to the officer created a reasonable suspicion either that Tillman was involved in criminal activity or that he was armed and dangerous.
Id. at 1273 (emphasis added).
In the present case, Officer Fischer physically restrained appellant's brother in order to escort him from the park. Officer Fischer was not effecting an arrest of appellant's brother. Nor does the State contend that Officer Fischer had reasonable suspicion to believe that appellant's brother was engaged in criminal activity or was armed. Accordingly, based on the rationale expressed in Tillman, we conclude that Officer Fischer was not engaged in the lawful performance of his duties as a police officer at the time of the battery.
The fact that appellant was not the individual being restrained does not alter our analysis. The focus is on the police officer's actions  that is, whether the officer was engaged in the lawful performance of his duties at the time of the battery. Id. at 1272; see also Rodriguez v. State, *1053 964 So.2d 833 (Fla. 2d DCA 2007) (holding that the defendant could not be convicted of battery of law enforcement officer where battery occurred after officer improperly entered on defendant's property in pursuit of defendant's husband).
Appellant's battery of Officer Fischer was, of course, a criminal act. However, pursuant to Tillman, appellant cannot be found to have committed the crime of battery of a law enforcement officer. In his concurring opinion in Tillman, Justice Bell observed that the purpose behind sections 784.07(2) and 843.01, was to protect public officials by imposing heightened penalties on civilians who physically retaliate against them as they carry out their public duties. Tillman, 934 So.2d at 1274. Justice Bell encouraged the Legislature to examine the language utilized in these sections in light of the Tillman decision. We fully agree with Justice Bell's recommendation. We believe the public's interest would be well-served if the heightened penalties for persons who batter a police officer (or other designated public officials) applied, even though the officer may, in good faith, have undertaken an act in the performance of his duties, which was subsequently determined by a court to have been improper.
We vacate the finding that appellant was guilty of the offense of battery of a law enforcement officer. The evidence was, however, sufficient to support a finding of guilt as to the lesser-included offense of battery.[4] We remand for a new disposition hearing.
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] § 784.07, Fla. Stat. (2005).
[2] The fact that Officer Fischer was off-duty is not crucial to our analysis. A police officer can be engaged in the lawful performance of his duties when working an off-duty job. See State v. Hartzog, 575 So.2d 1328 (Fla. 1st DCA 1991); Hughes v. State, 400 So.2d 533 (Fla. 1st DCA 1981); State v. Robinson, 379 So.2d 712 (Fla. 5th DCA 1980).
[3] Section 776.051(1), Florida Statutes (1997), provides:

A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.
[4] Indeed, appellant did not challenge the sufficiency of the evidence as to simple battery.