11 So.3d 401 (2009)
S.D., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1256.
District Court of Appeal of Florida, Third District.
May 6, 2009.
*402 Carlos J. Martinez, Public Defender; and Maria E. Lauredo, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General; and Michael C. Greenberg, Assistant Attorney General, for appellee.
Before GERSTEN, C.J., and COPE and SALTER, JJ.
COPE, J.
S.D., a juvenile, appeals the finding that she committed the offenses of battery on a law enforcement officer and resisting an officer with violence. We affirm.
S.D. was at an indoor flea market and began fighting with two other females. An off-duty police officer provided security at the flea market. The officer broke up the fight, escorted S.D. out of the store, and told her to leave. The officer was wearing his Miami-Dade "Class B" uniform consisting of a beige polo shirt with an embroidered badge and the words "Miami-Dade Police Department" on the front, and on the back the word "Police" in large letters. After being removed and told that she could not reenter, S.D. attempted to reenter the store several times. It was clear to the officer that S.D. wanted to reenter the store and resume fighting. In trying to reenter, S.D. pushed past the officer, prompting him to restrain her. S.D. then started kicking and punching the officer, who arrested S.D.
At the adjudicatory hearing, S.D. moved for judgment of dismissal arguing that the officer was not engaged in the lawful performance of a legal police duty at the time he restrained her. The trial court denied the motion. The court found that S.D. had committed the charged acts and withheld adjudication. This appeal follows.
"A police officer can be engaged in the lawful performance of his duties when working an off-duty job." J.A.S.R. v. State, 967 So.2d 1050, 1051 n. 2 (Fla. 5th DCA 2007). For the offense of battery on a law enforcement officer, the State must prove that the officer was "engaged in the lawful performance of his or her duties. . . ." § 784.07(2), Fla. Stat. (2005). So far as applicable here, for the offense of resisting an officer with violence to his or her person, the State must likewise show that the officer was engaged "in the lawful execution of any legal duty. . . ." Id. § 843.01.
*403 In this case the officer broke up a fight between S.D. and the other females. In our view, breaking up a fight and separating the combatants is the lawful performance of a legal duty. Escorting S.D. off the premises, and preventing her from returning, was part of that legal duty. While the officer was performing that duty, S.D. battered the officer. The motion for a judgment of dismissal was properly denied.
S.D. relies on J.A.S.R., but her reliance on that case is misplaced. In J.A.S.R. the officer was escorting an unruly patron out of a Wet-n-Wild Amusement Park. The patron was not engaged in any criminal activity, was not trespassing, and had never been instructed to leave the park. J.A.S.R. attempted to pull his brother from the officer's grasp and a struggle ensued in which J.A.S.R. battered the officer. The Fifth District concluded that under those facts, the officer was not engaged in the lawful performance of a legal duty at the time of the battery. In that case, unlike this one, the officer did not intervene to break up a fight. See also Bryan v. State, 865 So.2d 677 (Fla. 4th DCA 2004) (off-duty officers were patrolling apartment complex parking lot but were not investigating criminal activity at time of encounter); Nicolosi v. State, 783 So.2d 1095 (Fla. 5th DCA 2001) (off-duty officer was checking identification at nightclub entrance but not investigating criminal activity at time of encounter). None of those cases involved a situation like the present one, where the officer acted to keep the peace by breaking up the fight S.D. was engaged in, escorting her off the premises and ordering her to leave.
Affirmed.