ALTE NBERND, Judge.
Quentin Burney appeals his judgments and sentences for battery on a law enforcement officer and disorderly conduct. He received a sentence of five years’ imprisonment for the battery conviction and time served for the disorderly conduct conviction. We affirm the judgment and sentence for disorderly conduct because Mr. Burney did not preserve any issues related to this conviction for appeal. We reverse the judgment and sentence for battery on a law enforcement officer. Normally, this reversal would result in a conviction for misdemeanor battery on remand. However, Mr. Burney appears to have several prior convictions for battery, and the information charged this offense as both battery on a law enforcement officer, a third-degree felony, and battery by a defendant with a prior battery conviction sufficient to elevate the battery charge to a third-degree felony. §§ 784.07(2)(b), .03(2), Fla. Stat. (2008). Therefore, on remand the trial court shall conduct additional proceedings to determine whether Mr. Bur-ney should be convicted of battery as a misdemeanor or a felony and shall resen-tence him accordingly.
At approximately 10:30 a.m. on June 24, 2009, Mr. Burney walked into a convenience store connected to a gasoline station. The store manager knew Mr. Burney as “Skip.” When Mr. Burney entered the store, the manager was talking with a friend who happened to be an off-duty police officer. The officer was not in uniform. There may have been a customer or two in the store, but they did not testify, and there is no evidence that Mr. Burney had any significant conversations with any of them.
It is apparent that Mr. Burney has some psychological issues. When he entered the store, he was ranting about a woman who was pumping gasoline. Inside the store, Mr. Burney continued his tirade, using profanity, but he did not direct his invectives to anyone in particular. Mr. Burney then approached the off-duty officer with apparent knowledge that the man was a law enforcement officer. He spoke profanely to the officer, who told Mr. Burney that there was no reason to speak in such a manner. The officer’s comments seem only to have provoked Mr. Burney, who continued with his verbal barrage and then left the store.
While continuing to yell at everyone within earshot, Mr. Burney got into his truck. He drove off of the property but returned almost immediately. When he returned, he reentered the store and confronted the off-duty officer, placing his own face nose-to-nose with the officer’s face. When Mr. Burney’s nose made contact with the officer, the officer pushed Mr. Burney back with his left hand just as Mr. Burney struck the coffee cup in the officer’s right hand, spilling hot coffee all over the officer. At that point, the officer arrested Mr. Burney for disorderly conduct and battery.
As mentioned earlier, the State charged this offense as a single count that incorporated both battery on a law enforcement officer and felony battery. At the beginning of trial, Mr. Burney’s attorney sensibly asked that the trial court sever the felony battery charge from the battery on a law enforcement officer charge in order to avoid reference to Mr. Burney’s prior *512 battery convictions. Thus, the trial court charged the jury only on the lesser offense of misdemeanor battery; the jury was not instructed on felony battery or given an opportunity to find that Mr. Burney had the predicate battery conviction necessary to support a felony battery conviction. The jury convicted Mr. Burney of battery on a law enforcement officer.
On appeal, Mr. Burney argues that he was entitled to an acquittal on the charge of battery on a law enforcement officer. Mr. Burney maintains that the State failed to prove that the officer he touched was engaged in the lawful execution of a legal duty at the time of the battery. We must agree. Although Mr. Burney appears to have known that his victim was a police officer and probably targeted him because of this fact, under the language of the statute, that is not enough to transform this battery into a battery on a law enforcement officer.
Section 784.07(2) defines battery on a law enforcement officer as follows:
Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer ... while the officer ... is engaged in the lawful performance of his or her duties, the offense for which the person is charged shall be reclassified as follows:
[[Image here]]
(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree.
(Emphasis added.)
Thus, “[a] conviction for battery on a law enforcement officer requires proof that the officer was ‘engaged in the performance of a lawful duty’ .... ” Nicolosi v. State, 783 So.2d 1095, 1096 (Fla. 5th DCA 2001) (citing Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999)). But an officer’s “off-duty” status is “not a limitation upon his right to exercise police authority in the presence of criminal activity.” State v. Robinson, 379 So.2d 712, 715 (Fla. 5th DCA 1980). When working an off-duty job, a police officer can engage in the performance of a lawful duty. See, e.g., State v. Hartzog, 575 So.2d 1328 (Fla. 1st DCA 1991) (off-duty officer working as department store security guard engaged in lawful duty where officer assisted in investigation of alleged shoplifter); Hughes v. State, 400 So.2d 533 (Fla. 1st DCA 1981) (off-duty officer working as department store security guard engaged in lawful duty where officer attempted to apprehend shoplifter); Robinson, 379 So.2d 712 (off-duty officer working as security guard at jai alai fronton engaged in lawful duty where officer assisted other officers who were struggling to maintain custody of a man under arrest). However, an off-duty officer’s detention of an individual does not constitute the performance of a lawful duty where there was no criminal activity, investigation of criminal activity, or suspicion of a weapon. See, e.g., J.A.S.R. v. State, 967 So.2d 1050 (Fla. 5th DCA 2007) (off-duty officer working as park security guard did not engage in performance of lawful duty where officer was not effecting arrest and there was no suspicion of criminal activity or a weapon); Nicolosi, 783 So.2d 1095 (off-duty officer working as nightclub bouncer was not engaged in performance of lawful duty where there was no proof of criminal activity or investigation of criminal activity prior to the battery).
In this case, the off-duty officer was not working in any capacity, on or off duty. He was patronizing the store as a private citizen. When Mr. Burney’s angry rant rattled the store manager, the off-duty officer, in his capacity as a private citizen, spoke to Mr. Burney in an attempt to calm him down. The State did not prove that Mr. Burney had engaged in criminal activi *513 ty[1] or that he appeared to be armed prior to the battery. When the battery occurred, the officer had not yet stepped from his role as a private citizen into his role as an officer because nothing criminal had yet occurred. Because the officer was not engaged in the performance of a lawful duty when Mr. Burney impermissibly touched him, this battery did not constitute battery on a law enforcement officer.
The judgment and sentence for battery on a law enforcement officer are reversed with instructions that the trial court grant a judgment of acquittal as to that offense and then resolve the matter of the remaining battery.
Affirmed in part, reversed in part, and remanded.
KELLY and VILLANTI, JJ., Concur.

. At the point of the battery, Mr. Burney had merely engaged in shouting and profane speech that did not rise to the level of disorderly conduct. See Smith v. State, 967 So.2d 937 (Fla. 2d DCA 2007) (evidence insufficient to support conviction for disorderly conduct where bank patron yelled profanity and threats, causing other customers to express annoyance); Barry v. State, 934 So.2d 656 (Fla. 2d DCA 2006) (evidence insufficient to support conviction for disorderly conduct where defendant yelled obscenities and shook his finger in a police officer’s face and the public confrontation slowed traffic).