664 So.2d 1106 (1995)
Jetindra RAMSARAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2587.
District Court of Appeal of Florida, Fourth District.
December 13, 1995.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jetindra Ramsaran appeals his conviction for aggravated battery upon Michael Jhagroo. Mr. Jhagroo testified that on October 2, 1993 at approximately 10:00 p.m., he arrived at the Caribano Restaurant. He said appellant, who had been congregating outside the restaurant with a group of fifteen to twenty men, attacked him in the parking lot including hitting him with his fist and with a pipe. Andy Latchman, a friend of Mr. Jhagroo, testified that he witnessed appellant strike Mr. Jhagroo numerous times with a pipe.
The state charged appellant with aggravated battery. In January 1994, the state filed a demand for notice of alibi. Appellant did not respond with any information regarding an alibi. On June 20, 1994, appellant filed a demand for speedy trial. Approximately one month later on the first day of trial, appellant provided the state with an amended witness list. The state moved to exclude the new witnesses. Appellant's counsel stated that he learned the relevancy of these witnesses only one hour earlier. The trial court allowed the state the afternoon to depose the witnesses.
The next morning, the state moved to strike the witnesses because they were alibi witnesses and appellant had failed to comply with demand for notice of alibi. The trial court conducted a hearing, determined that appellant had not shown good cause to waive the requirements of Florida Rule of Criminal Procedure 3.200 and granted the state's motion to strike.
*1107 During trial, appellant testified that he believed he and his brother had arrived at the Caribano Restaurant at 9:00 p.m. He said his mother had ordered them to leave because "trouble makers" were present. Appellant claimed he and his brother immediately left the restaurant and proceeded to his grandmother's house located approximately thirty minutes away. He also stated that he believed he had been charged in the case because he was known in the community as "a tough guy." Additionally, appellant displayed to the jury an arm tattoo containing the words "original rude boy." The state referred to appellant's reputation in the community and the tattoo's wording in its closing as well as offering a possible explanation concerning the reason why certain witnesses had refused to speak to the police. The trial court overruled appellant's objections and motion for a mistrial.
Following jury selection, the trial court informed the attorneys that they should prepare any requests for special jury instructions as it would otherwise deliver "the standards." At the close of evidence, the trial court asked the attorneys if there would be any special instructions and appellant's attorney responded that there would not. Nevertheless, after instructing the jury, the trial court asked if there needed to be additions, deletions or corrections. Appellant's attorney then requested an instruction on alibi. He stated that he believed from the trial court's prior comments that the alibi instruction would be included because appellant had testified to an alibi. The trial court refused to instruct the jury on alibi due to the timing of the request.
Appellant raises three points on appeal. He first contends the trial court erred in precluding his mother and brother from testifying. The record supports the trial court's findings that the state would have been prejudiced and that appellant had not shown good cause to waive the requirements of rule 3.200. See Fla.R.Crim.P. 3.200; Small v. State, 630 So.2d 1087 (Fla. 1994). Appellant next contends the trial court erred in overruling his objections based on the state's comments in closing regarding appellant's tattoo and the failure of other witnesses to speak to police. This argument has no merit. The state's remarks concerned inferences that could be drawn from the evidence. See Craig v. State, 510 So.2d 857 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).
Finally, appellant contends the trial court erred when it failed to instruct the jury on his alibi defense. We agree. A trial court must instruct the jury on the law applicable to alibi if there is evidence to support such instruction. See Williams v. State, 395 So.2d 1236, 1238 (Fla. 4th DCA 1981). Here, appellant testified that he was at his grandmother's house, thirty minutes from the restaurant, at the time of the attack. He was therefore entitled to have the jury instructed that it should acquit if the evidence showing alibi was sufficient to create a reasonable doubt concerning his presence at the crime scene. See Long v. State, 42 Fla. 509, 28 So. 775, 780 (Fla. 1900). Furthermore, appellant timely requested the instruction as it came before the jury had retired. See Fla. R.Crim.P. 3.390(d); Rogers v. State, 626 So.2d 339, 340 (Fla. 4th DCA 1993); Williams v. State, 597 So.2d 377, 379 (Fla. 2d DCA 1992). Accordingly, we reverse appellant's conviction and remand for new trial.
REVERSED and REMANDED.
DELL and STONE, JJ., and MARTIN D. KAHN, Associate Judge, concur.