PER CURIAM.
The single issue on appeal in this case is whether the trial court reversibly erred in denying defense counsel’s request for an instruction on battery as a lesser included offense of the charge of battery on a law enforcement officer. We agree that denial of the requested instruction was reversible error, and reverse the conviction of battery on a law enforcement officer.
Appellant, Mark Jones, was charged with one count of battery on a law enforcement officer, and on a second count with resisting a correctional officer with violence. He was convicted by a jury of the Count One offense of battery on a law enforcement officer, and of the lesser included offense of resisting without violence on Count Two.[1]
The incident giving rise to the charges arose when two officers at Century Correctional Institution were attempting to remove Jones, an inmate, from a shower stall where he had been placed for the purpose of taking a shower, which Jones had refused to do. At trial, Jones’ testimony that he acted in self-defense was obviously rejected by the jury, as evidenced by the verdict of guilty as charged on Count One, and of the lesser *628 offense on Count Two. No issue is raised on appeal with respect to the sufficiency of the evidence to support both convictions.
At the charge conference below counsel for appellant requested an instruction on the offense of simple battery as a lesser included offense of the crime charged — battery on a law enforcement officer. The trial court denied this request, commenting that “[t]here’s no issue at all that there was anyone acting outside the scope of authority, nothing of the sort. He [the officer] was in uniform.” Defense counsel did not further object to the failure to give the battery instruction when the jury was charged.
The facts of this case are indistinguishable from those in State v. Wimberly, 498 So.2d 929 (Fla.1986) as they pertain to the failure to give the battery instruction. The court in Wimberly, answering this court’s certified question, held that the giving of the battery charge is mandatory, when requested, in a prosecution for battery on a law enforcement officer, even though the evidence incontrovertibly shows that the necessarily lesser included offense could not have been committed without also committing the greater charged offense. While conceding the effect of the holding in Wimberly, the state nevertheless questions whether defense counsel preserved the issue by simply requesting the battery charge, without expressly informing the court that the defense was claiming the right to the instruction as a necessarily lesser included offense. This court in Gainer v. State, 633 So.2d 480 (Fla. 1st DCA 1994), found the issue preserved where the defense requested an instruction on the lesser included offense without informing the court that the lesser offense was necessarily included. See also Holland v. State, 634 So.2d 813 (Fla. 1st DCA 1994), in which the majority held that failure to instruct on the next immediate lesser included offense, one step removed from the offense of conviction, constitutes reversible error, thus implicitly rejecting the contention that a mere request for a lesser included offense instruction is not preserved for review where counsel fails to inform the court that the requested instruction covers a necessarily lesser included offense.
Finally, the question of whether the denial of a timely specific request for a jury instruction is preserved for appellate review absent a further objection to the failure to give the instruction was addressed by the court in State v. Heathcoat, 442 So.2d 955 (Fla.1983), the court holding that further objection is not required for preservation.
For the reasons stated, we reverse the conviction as to Count One and remand for a new trial on the offense charged in that count.
REVERSED and REMANDED.
ERVIN and ALLEN, JJ., and SMITH, LARRY G., Senior Judge, concur.

. No error is asserted with respect to the conviction on Count Two.