789 So.2d 513 (2001)
Jorge A. RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2941.
District Court of Appeal of Florida, Fifth District.
July 13, 2001.
*514 Tee Persad, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Jorge A. Rodriguez appeals his conviction of battery on a law enforcement officer in violation of section 784.07(2)(b), Florida Statutes (1999). Rodriguez contends that the trial court's failure to instruct the jury on the necessarily lesser included offense of simple battery, as requested by defense counsel, is reversible error. We agree and reverse.
During the charge conference following the presentation of the evidence, Rodriguez's attorney requested the trial court to instruct the jury on simple battery, a category one necessarily included lesser offense of battery on a law enforcement officer. The trial judge denied the request. As the State concedes, simple battery is a necessarily included lesser offense of battery on a law enforcement officer. Mordica v. State, 618 So.2d 301, 303-04 (Fla. 1st DCA 1993). The trial court must instruct the jury on necessarily included lesser offenses when a timely request is made to do so. State v. Wimberly, 498 So.2d 929 (Fla.1986).
While conceding that the trial court's failure to instruct the jury on battery is error, the State asserts that defense counsel failed to properly preserve the issue for appeal when counsel requested the battery instruction but failed to object further following the court's denial of that request. We disagree. Once the record shows that counsel requested a specific instruction and the trial court "clearly understood the request and just as clearly *515 denied the request," the issue is sufficiently preserved for appellate review. State v. Heathcoat, 442 So.2d 955 (Fla.1983). It was enough to simply request the battery charge. Jones v. State, 714 So.2d 627, 628 (Fla. 1st DCA 1998).[1]
For the reasons discussed above, we reverse Rodriguez's conviction for battery on a law enforcement officer and remand the case for a new trial.
REVERSED AND REMANDED.
SHARP, W. and PETERSON, JJ., concur.
NOTES
[1] The facts of this case are similar to those discussed in Nicolosi v. State, 783 So.2d 1095 (Fla. 5th DCA 2001). In Nicolosi, this court reversed a conviction for battery on a law enforcement officer where the evidence only established that the officer was working an off-duty job at a night club as there was no proof that the officer was engaged in any official police activity or criminal investigation. On retrial, the parties should make certain that the evidence satisfies the requirement of section 784.07(2) that the officer be "engaged in the lawful performance of his or her duties" as discussed in Nicolosi.