VAN NORTWICK, J.
Brian Keith Truett, appellant, seeks reversal of his conviction for felony malicious mischief and a new trial, arguing that the trial court erred in denying his request for a jury instruction on the affirmative defense of alibi. Because we agree that the trial court erred in refusing to give the alibi instruction to the jury as requested by Truett, we reverse and remand for a new trial.
The State charged Truett with felony criminal mischief of $1,000 or more as a result of the damage he allegedly caused by kicking the passenger door of an automobile owned by Chelsea McDonald. The damage was inflicted at a party or “get-together” which took place at 2768 Mesquite Avenue during the night of January 16-17, 2011. At trial, the State presented the testimony of three witnesses to establish that Truett was at the party when and where the damage occurred.
Deputy Mobley, Clay County Sheriffs Office, testified that he responded to a call placed by McDonald, and arrived on scene in the early morning hours of January 17. Deputy Mobley conducted a preliminary investigation and began searching for appellant. Deputy Mobley visited the house of Evan Hingson, who was a friend of appellant, and, although Truett was not there, Deputy Mobley found Truett’s vehicle parked at the house with a flat tire. Deputy Mobley eventually located Truett at his place of residence, where he lived with Les Lesiege. Upon Deputy Mobley’s request, Lesiege went to Truett’s bedroom, and found Truett sleeping.
Truett testified on his own behalf, while also offering the testimony of Lesiege, Hingson, and Watara Wright. Lesiege testified that he was home with Truett on the night in question and saw Truett go into his bedroom around 10:45. Lesiege further testified that he also retired around that time and was not awakened by any sound or disturbance until Deputy Mobley knocked on his door. Lesiege stated that he had no reason to believe that Truett left the house during the night because Lesiege owns a dog that will bark to wake him if there are any noises during the night and that the dog did not awaken him on the night in question.
Truett testified that he blew a tire on his way home from work, parked it at his friend Hingson’s house, and walked the rest of the way home. Truett stated that he was not present at the party at 2768 Mesquite Avenue. Hingson and Wright both testified that Truett was not at the party.
Pursuant to the testimony that Truett did not attend the party, the defense filed a notice of intention to claim alibi and requested the trial court to give the alibi instruction to the jury. The trial judge declined to give the instruction, stating, “[i]n order to have a true alibi defense it is not the absence of not seeing somebody. It’s having been with somebody at the time of the crime. You don’t have that.” Defense counsel referenced Lesiege’s testimony that he saw Truett go to bed, whereupon the trial court replied, “[h]e saw him *658 go to bed. As far as he knows he didn’t leave. But that’s not an alibi. It is: I was with him at 3:30. We were playing cards. He couldn’t have kicked in the door.” Defense counsel responded, “Okay,” and the trial court said, “[s]o I don’t think that is a legal alibi that you presented. You could argue it certainly, but you can’t — I can’t instruct them on alibi ...”
At the close of the case, the trial court gave the jury its instructions, leaving out the instruction on alibi. After reading the instructions, the trial court asked if there were “any exceptions or objections with the reading of the instructions,” and defense counsel replied, “No, Your Honor.” The jury returned a verdict of guilty, and Truett was sentenced to twelve months imprisonment, followed by five years probation, as well as restitution to McDonald in the amount of $1,825.
In cases involving the withholding of requested jury instructions, we have explained our standard of review, as follows:
A trial court’s decision on the giving or withholding of a proposed jury instruction is reviewed under the abuse of discretion standard of review. On appeal, the trial court’s ruling on a jury instruction is presumed correct. Appellant has the burden to demonstrate reversible error in the lower court’s refusal to give the requested instruction. Each party has the right to have the court instruct the jury on the law applicable to the evidence under the issues presented. A trial court’s mere failure to give a requested instruction, if erroneous, does not constitute per se reversible error.
Langston v. State, 789 So.2d 1024, 1026 (Fla. 1st DCA 2001) (internal citations and quotations omitted). We crafted the following test to be applied to cases where the trial court refuses to instruct the jury in the manner requested by a defendant:
[T]he failure to give a requested jury instruction constitutes reversible error where the complaining party establishes that: (1) The requested instruction accurately states the applicable law, (2) the facts in the case support giving the instruction, and (3) the instruction was necessary to allow the jury to properly resolve all issues in the case.
Id. (quoting Alderman v. Wysong & Miles Co., 486 So.2d 673, 677 (Fla. 1st DCA 1986)). Finally, it is well-settled that “[a] defendant has the right to a jury instruction on the law applicable to his theory of defense where any trial evidence supports that theory.” Gardner v. State, 480 So.2d 91, 92 (Fla.1985).
Truett relies upon Rostano v. State, 678 So.2d 1371 (Fla. 4th DCA 1996), in support of his argument that the trial court erred in failing to provide the requested alibi instruction when Truett offered the testimony of himself and three other witnesses to show that he was not at the house party when McDonald’s car was damaged. In Rostano, the Fourth District Court of Appeal reversed a conviction where the trial court refused to give an alibi instruction to the jury when the defendant provided testimony from two witnesses indicating that he was in his bedroom while the crime with which he was charged occurred in his garage. Id. at 1373.
Ramsaran v. State, 664 So.2d 1106 (Fla. 4th DCA 1995), is likewise informative in analyzing the issue before us. In Ramsar-an, the court reviewed an appellant’s claim that the trial court erred when it refused to provide the jury with the alibi instruction. Id. at 1107. The reviewing court noted that a trial court is obligated to give the alibi instruction “if there is evidence to support such instruction.” Id. The Ram-saran appellant had testified that, when the crime for which he was charged oc *659 curred, he was at his grandmother’s residence, about thirty minutes away from the scene of the crime. Id. The court also observed that the record indicated that the appellant made a timely request for the alibi instruction. Id. The reviewing court reversed the appellant’s conviction and remanded for a new trial. Id.
The State, by contrast, has offered no authority to support its argument that the trial court here did not err in refusing to deliver the requested alibi instruction. The only mention the State makes in relation to Truett’s primary argument is that the trial judge did not weigh the evidence in making his decision on the requested alibi instruction. Rather, the State focuses its argument on the issues of waiver and preservation. The State submits that Truett waived the claim he now asserts on appeal by acceding to the trial judge’s explanation of the alibi defense, and the court’s ruling that Truett had failed to adduce sufficient evidence to justify administering the alibi instruction. The State offers the fact that Truett entered no objections to the reading of the jury instructions as further proof of waiver of the claim of error, and relies upon State v. Lucas, 645 So.2d 425, 427 (Fla.1994), in support thereof.
The State’s reliance on Lucas, however, is misplaced. In Lucas, the Florida Supreme Court held that fundamental error occurs in a homicide case where the trial court failed to give a complete jury instruction on manslaughter and “the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second-degree murder.” Lucas, 645 So.2d at 427. The Florida Supreme Court stated that the only exception to this principle “is where defense counsel affirmatively agreed to or requested the incomplete instruction.” Id. (citing Armstrong v. State, 579 So.2d 734 (Fla.1991)).
Here, Truett did not request the erroneous instruction. Moreover, Truett did not affirmatively agree to the withholding of the alibi instruction. When the trial court asked the parties if they had any objections or exceptions to the reading of the jury instructions, Truett’s counsel replied that he had none. Counsel could reasonably be understood to have had no problems with the instructions that were read, as he and the assistant state attorney agreed to them, and thus responded in the negative. However, this does not mean that defense counsel did not still take exception to the failure to include the alibi instruction. The record contains no affirmative indication that Truett wished to waive his previously lodged request for an alibi instruction, or his claim that the trial court committed error by failing to include the instruction.
The State also contends that, if Truett did not waive his claim of error, then he failed to preserve it for review on appeal. The State asserts that the alleged error is unpreserved because, based on the same facts which the State references in its waiver argument, Truett abandoned his request for the alibi instruction. The State fails to offer any cases which hold that Truett’s conduct, as reflected in this record, amounts to abandonment of his claim. The State then proceeds to discuss the contours of the fundamental error analysis it asserts is appropriate to this appeal.
Truett relies upon Rodriguez v. State, 789 So.2d 513 (Fla. 5th DCA 2001), to rebut the State’s charge that he did not preserve his claim for appeal. In Rodriguez, the reviewing court examined a case where the trial court failed to give a requested jury instruction. Id. at 514. On appeal, the State conceded error, but ar *660 gued that the appellant neglected to preserve the issue because defense counsel did not “object further following the court’s denial of that request.” Id. The reviewing court rejected that argument and opined, “[ojnce the record shows that counsel requested a specific instruction and the trial court clearly understood the request and just as clearly denied the request, the issue is sufficiently preserved for appellate review.” Id. at 514-15 (internal citation and quotation omitted).
Truett also quotes at length from this court’s opinion in State v. Walker, 923 So.2d 1262, 1265 (Fla. 1st DCA 2006), which, in turn, quoted from the statutory definition of ‘preserved’ set forth in section 924.051(l)(b), Florida Statutes (2005). In the case under review, defense counsel’s actions track closely with the requirements of the statute and the case law. Truett’s counsel filed a notice of intention to claim alibi and submitted a specific, timely request to the trial judge to instruct the jury on the alibi defense. It was clear what Truett was asking for, as well as the grounds for the request, namely, the defense witnesses’ testimonies that Truett was not at the party where McDonald’s car was damaged.
Based on the above authority, we hold that Truett preserved this issue for appeal. Therefore, we apply the three-part Alderman test to determine whether the error constitutes reversible error. 486 So.2d at 877. First, Truett’s requested alibi instruction accurately reflects the law, because he was requesting the Florida Supreme Court approved standard alibi instruction. Second, the facts in the case support giving the instruction because Truett presented -ample testimony that he was at another location when McDonald’s car was damaged. Third, the instruction was necessary to allow the jury to properly evaluate the issues in the case because Truett had introduced evidence that he was not present where and when the crime occurred. Therefore, under the Alderman test, we hold that it was harmful error for the trial court to refuse to give Truett’s requested alibi instruction to the jury.
Accordingly, we REVERSE and REMAND for a new trial.
WOLF, and LEWIS, JJ., concur.