NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FRANCIS WONG,                        )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D14-646
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
                                     )

Opinion filed September 11, 2015.

Appeal from the Circuit Court for Lee
County; Edward J. Volz, Jr., Judge.

Howard L. Dimmig, II, Public Defender,
and Dane K. Chase, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


BLACK, Judge.

          Francis Wong challenges his convictions and sentences for two counts of

lewd or lascivious molestation against a victim less than twelve years of age, three

counts of lewd or lascivious molestation against a victim between twelve and sixteen years of age, and one count of lewd or lascivious battery against a victim less than sixteen years of age.  Wong raises two issues on appeal.  Wong asserts that the trial court fundamentally erred in admitting the Williams[1] rule testimony of four other minor victims.  We find no error in this regard and make no further comment as to this argument.  Wong also argues that the trial court erred in denying his request to instruct the jury as to the permissive lesser included offense of committing an unnatural and lascivious act.  Because the trial court did not explicitly deny the request and defense counsel otherwise failed to object contemporaneously as the law requires, the issue was not preserved for review.  We affirm.

Defense counsel did not file any proposed jury instructions, and it is apparent from the transcript of the charge conference that defense counsel had no intention of requesting an instruction on any lesser included offenses prior to the conference.  After receiving some guidance from the State and reviewing the instructions book, defense counsel stumbled upon the instruction for committing an unnatural and lascivious act, a permissive lesser (category two) offense of lewd or lascivious battery and lewd or lascivious molestation.  See Fla. Std. Jury Instr. (Crim.) 11.10(b), (c).[2]  The following exchange transpired:

---

[1]Williams v. State, 117 So. 2d 473 (Fla. 1960).

[2]We note that unnatural and lascivious act follows attempt, assault, and battery on the schedule of category two lessers for lewd or lascivious battery and lewd or lascivious molestation.  See Fla. Std. Jury Instr. (Crim.) 11.10(b), (c).  Thus, the dissent's citation to Moore v. State, 932 So. 2d 524, 527 (Fla. 4th DCA 2006), which holds that "[i]t is reversible error for a trial court to deny a requested instruction on the next lesser-included offense of the one charged, even if it is category two, if the charging instrument and the evidence admitted would support a conviction on the next

- 2 -

Defense counsel: Your Honor, I don't know if the State's in agreement with me on this, category two of a lesser is committing natural -- unnatural and lascivious act. I think the evidence does support a lesser of this charge. Defendant is charged, the act was unnatural and lascivious, and unnatural means not in accordance with nature or with normal feelings of behavior, and lascivious, we've got the same as lascivious. I would ask for this instruction also to be given as a lesser.

Court: I don't have to give a lesser for category two.

Defense counsel: I understand. I'm asking you. I'm pleading.

Unlike an instruction on a necessary or category one lesser which must be given upon request even if unsupported by the evidence, an instruction on a permissive lesser is only given when supported by the pleadings and evidence. See Boland v. State, 893 So. 2d 683, 686 (Fla. 2d DCA 2005). In that regard, "[t]he trial court is given the discretion to 'analyze the information or indictment and the proof to determine if elements of category [two] crimes may have been alleged and proved.' " Cooper v. State, 512 So. 2d 1071, 1072 (Fla. 1st DCA 1987) (quoting State v. Wimberly, 498 So. 2d 929, 931 (Fla. 1986)). Nonetheless, the law is clear that for counsel to be exempt from making a contemporaneous objection in order to preserve for review the failure to give a requested jury instruction the trial court must have unequivocally denied the request for the instruction. See Bryant v. State, 932 So. 2d 408, 410 (Fla. 2d DCA 2006) ("[T]he objectives of [the contemporaneous objection] rule are satisfied 'when the

lesser offense," is inapposite. Further, though the court's failure to instruct the jury on a lesser included offense several steps removed from the crime for which the defendant was charged may not be harmless error, see Horn v. State, 120 So. 3d 1, 3 (Fla. 1st DCA 2012), it is unnecessary to consider whether the error is harmless in this case because the jury instruction issue was not preserved.

record shows clearly and unambiguously that a request was made for a specific instruction and that the trial court clearly understood the request and <u>just as clearly denied the request</u>.' " (emphasis added) (quoting <u>State v. Heathcoat</u>, 442 So. 2d 955, 956 (Fla. 1983))).  In this case, though counsel arguably, but weakly, requested an instruction for committing an unnatural and lascivious act, the trial court did not rule on the request and thus counsel was not exempt from making a contemporaneous objection.

Taken in context, when defense counsel stated, "I understand," the most logical interpretation is that he acknowledged and agreed with the court's general statement of law that instructing the jury on category two lessers is not mandatory.  We know this to be the case because defense counsel continued, "I'm asking you.  I'm pleading."  Defense counsel obviously understood that there was no ruling by the court to this point because he continued to ask and even "plead" to the court for a favorable ruling.  Drawing any other conclusion from the record would be impermissible speculation into the undisclosed mental processes of defense counsel.  There was no further discussion of the matter, there was no ruling by the court on the request, and there was no contemporaneous objection.[3]  Further, defense counsel did not object either before the instructions were given or after.

_____

[3]The dissent surmises that "[d]efense counsel might have been more prepared for the charge conference, but he knew better than that."  However, defense counsel demonstrated his lack of preparation at other times during the trial.  For example, at the close of the State's case, the court inquired if counsel had any requests, to which counsel responded:  "You mean like a motion for summary judgment?"  Given that this is a criminal proceeding, the court corrected counsel, instructing him that such a request is appropriately referred to as a motion for judgment of acquittal.  Counsel brushed it off as a joke, despite the serious nature of the charges his client faced, and then proceeded to concede that the State had proven a prima facie case.  Then, without

In Thomas v. State, 419 So. 2d 634, 636 (Fla. 1982), the Florida Supreme Court held that since counsel requested a special instruction and the court clearly denied it, counsel was not required to object thereafter to preserve the issue for review. However, in the footnote that immediately follows this holding the supreme court clarified that a specific objection would be required if the court failed to explicitly rule on the request and instead simply did not give the requested instruction, a factual scenario that mirrors this case. See id. at 636 n.* ("A different situation would arise if the court were to instruct on penalties, but not give the specific instruction submitted by the defense. In that instance, the contemporaneous objection rule would require a specific objection."). Likewise, the United States Supreme Court has explained that "the settled rule of Florida procedure that, in order to preserve an objection, a party must object after the trial judge has instructed the jury . . . is subject to a limited exception for an advance request for a specific jury instruction that is explicitly denied." Sochor v. Florida, 504 U.S. 527, 534 n.* (1992) (emphasis added) (citations omitted). As such, absent an explicit denial, which is not present here, defense counsel was required to object to preserve the issue for review. See Watson v. State, 651 So. 2d 1159, 1164 (Fla. 1994) ("[T]o preserve an objection, the party must object after the jury has been instructed, unless the party's previous request for a specific jury instruction was denied." (citing Sochor, 504 U.S. at 534)); cf. Higgs v. State, 948 So. 2d 1024, 1025 (Fla. 2d DCA 2007) (dismissing the State's assertion that the defendant abandoned his request for the jury instruction on the permissive lesser included offense and holding that the

---

presenting any argument, counsel moved for a new trial; this occurred again at the close of the defense's case. Moreover, nothing in the transcript or record reflects any other basis for the statement that counsel "knew better than that."

instruction issue was preserved for review because the "record reflects that Mr. Higgs requested a reckless driving instruction for count one and the trial court <u>unequivocally denied the request</u>" (emphasis added)); <u>Henig v. State</u>, 820 So. 2d 1037, 1039-40 (Fla. 4th DCA 2002) (dismissing the State's assertion that the defendant waived a charge on the lesser included offense where defense counsel made the request and "[t]he trial court made it clear at that time that it was denying the requested instruction").

Although the dissent focuses primarily on the adequacy of the request, the adequacy of the request itself has no bearing on our holding.[4]  Instead, it is defense counsel's failure to object in the absence of an explicit ruling on the request that results in waiver.  In that regard, the dissent asserts that

> the trial judge's statement of his mistaken belief that he had the discretion to refuse to instruct the jury on category two, permissive lesser included offenses—coupled with his peremptory direction of the discussion to unrelated matters—was the equivalent of declaration that he was exercising his assumed discretion to decline to instruct on category two lesser included offenses by declining to give defense counsel's requested instruction.

However, the standard is not whether the court implicitly denied the request or whether it can be inferred that the request was denied.  Rather, the standard is whether the trial court clearly, explicitly, and unequivocally denied the request.  <u>See</u> <u>Sochor</u>, 504 U.S. at 534 n.*; <u>Bryant</u>, 932 So. 2d at 410; <u>see also</u> <u>Watson</u>, 651 So. 2d at 1164 (citing <u>Sochor</u>, 504 U.S. at 534); <u>Higgs</u>, 948 So. 2d at 1025.  That an inference or equivalency must be

---

[4]We note that the State does not argue that the request itself was insufficient.  Rather, the State argues that the exchange between the trial court and defense counsel during the charge conference did not satisfy the contemporaneous objection rule because counsel failed to obtain a ruling or object.

drawn from various statements and actions belies a conclusion that the ruling was clear, explicit, and unequivocal so as to exempt counsel from objecting in order to preserve the issue. See Black's Law Dictionary 307 (10th ed. 2014) (defining "clear" to mean "[f]ree from doubt" and "[u]nambigous"); Black's Law Dictionary 700 (10th ed. 2014) (defining "explicit" to mean "direct," "exact," and "[e]xpressed without ambiguity or vagueness"); Black's Law Dictionary 1760 (10th ed. 2014) (defining "unequivocal" to mean "[u]nambiguous; clear; free from uncertainty"). The dissent contends that further objection by defense counsel at this juncture would have been futile. Since there was no ruling on the request, and certainly not an explicit one, we do not agree. Cf. Heathcoat, 442 So. 2d at 957 ("The record also reflects that there was a timely request for such an instruction, that the judge fully understood the reasons for and the nature of the request, and that with full understanding, he denied the request. Further objection would have been pointless."); Hicks v. State, 622 So. 2d 14, 17 (Fla. 5th DCA 1993) ("We find from the discussion in the record that the judge clearly stated his intention not to give the requested charge and that further objection would have been pointless.").

As to defense counsel's statement, "I understand," in response to the court's statement of law regarding permissive lessers, the dissent presumes that defense counsel "meant only that he understood that the trial court had so ruled and was going to decline to give the requested instruction; it did not indicate agreement with the proposition stated." However, this interpretation ignores the context of the exchange. Certainly if counsel believed that the court had ruled upon the matter, he would not continue to ask and plead for the court to grant his request. Nonetheless, the

- 7 -

dissent agrees that after counsel continues to plead to the court, the court does "not address the jury instruction request." Thus there was no clear and unequivocal denial.

"The salient purpose of the rule of contemporaneous objection is to place the trial judge on notice that error may have been committed and [to] provide the court with an opportunity to correct the error at that time." Daniels v. State, 121 So. 3d 409, 417 (Fla. 2013). Defense counsel's words failed to serve this salient purpose.

Therefore, since the trial court did not rule on the request and defense counsel did not object to the court's failure to give the instruction, the issue was not preserved for review.

Affirmed.


SLEET, J., Concurs.
WALLACE, J., Concurs in part; dissents in part.

WALLACE, Judge, Concurring in part; dissenting in part.

The record shows that defense counsel requested an instruction on the lesser included offense of unnatural and lascivious act, the trial court understood the request, and the trial court denied the request. For this reason, I conclude that the issue of the trial court's refusal to give the requested instruction—which the State properly concedes was error—was preserved for appellate review. I agree with the majority that Wong's second issue regarding the introduction of collateral crimes evidence is without merit. Accordingly, I concur in part and dissent in part.

## I. DISCUSSION

### A. Wong was entitled to the requested instruction

The State charged Wong with five counts of lewd or lascivious molestation and one count of lewd or lascivious battery. The crime of unnatural and lascivious act, section 800.02, Florida Statutes (1999-2010),[5] is a category two, permissive lesser included offense of both of the offenses with which Wong was charged. See Fla. Std. Jury Instr. (Crim.), 11.10(b), (c); Lowman v. Moore, 744 So. 2d 1210, 1211 (Fla. 2d DCA 1999) (lewd or lascivious assault); Horn v. State, 120 So. 3d 1, 2 (Fla. 1st DCA 2012) (lewd or lascivious molestation); Sherrer v. State, 898 So. 2d 260, 261 (Fla. 1st DCA 2005) (lewd or lascivious molestation); Williams v. State, 627 So. 2d 1279, 1280-81 (Fla. 1st DCA 1993) (lewd, lascivious, or indecent assault).

---

[5] I cite to a span of years for section 800.02 because the offenses with which Wong was charged were alleged to have occurred between January 25, 2000, and May 1, 2011. I note that section 800.02 has not been amended since 1993.

Florida law concerning the circumstances under which a trial court must instruct the jury on a permissive lesser included offense is well-settled. The Florida Supreme Court has summarized the trial judge's obligation in this regard as follows:

> Upon request, a trial judge must give a jury instruction on a permissive lesser included offense if the following two conditions are met: "(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements." Jones v. State, 666 So. 2d 960, 964 (Fla. 3d DCA 1996) (citing Brown v. State, 206 So. 2d 377, 383 (Fla. 1968)). We recently reiterated this longstanding rule of law by stating that "[a]n instruction on a permissive lesser included offense is appropriate *only if* the allegations of the greater offense contain all the elements of the lesser offense and the evidence at trial would support a verdict on the lesser offense." Williams v. State, 957 So. 2d 595, 599 (Fla. 2007) (emphasis added).

Khianthalat v. State, 974 So. 2d 359, 361 (Fla. 2008) (alteration in original); see also Koch v. State, 39 So. 3d 464, 466 (Fla. 2d DCA 2010) (citing Blandin v. State, 916 So. 2d 969, 971 (Fla. 2d DCA 2005)); Garcia v. State, 976 So. 2d 676, 678 (Fla. 2d DCA 2008) (citing Jones v. State, 666 So. 2d 960, 964 (Fla. 3d DCA 1996)). If the necessary requirements are met, the trial court has no discretion to refuse to give a requested instruction on a permissive lesser included offense. "It is reversible error for a trial court to deny a requested instruction on the next lesser-included offense of the one charged, even if it is category two, if the charging instrument **and** the evidence admitted would support a conviction on the next lesser offense." Moore v. State, 932 So. 2d 524, 527 (Fla. 4th DCA 2006). If these two requirements are met, the trial court must give the requested instruction. Amado v. State, 585 So. 2d 282, 282-83 (Fla. 1991); McKiver v. State, 55 So. 3d 646, 649 (Fla. 1st DCA 2011). This is so even if the evidence is

overwhelming that the defendant has committed the crime charged.  <u>Amado</u>, 585 So. 2d at 283; <u>Clark v. State</u>, 43 So. 3d 814, 817 (Fla. 1st DCA 2010).

The State concedes that Wong was entitled—upon request—to an instruction on the permissive lesser included offense of unnatural and lascivious act.  In its answer brief, the State says:

> [T]he State would acknowledge that unnatural and lascivious act is a permissive lesser-included offense of lewd and [sic] lascivious molestation and lewd or lascivious battery.  The accusatory pleading and the evidence adduced at trial would have supported the lesser-included offense of unnatural and lascivious act.  This case is not materially distinguishable from <u>Williams v. State</u>, 627 So. 2d 1279 (Fla. 1st DCA 1993), and <u>Horn v. State</u>, 120 So. 3d 1 (Fla. 1st DCA 2012). . . . Thus, assuming this Court found the issue preserved, the State would acknowledge that unnatural and lascivious act is a permissive lesser-included offense of the charged offenses in this case and that the trial court erred in not instructing the jury on this offense.

In light of the teaching of the standard jury instructions, the pertinent case law, and the State's admirable candor, there can be no doubt that Wong was entitled—upon a proper request—to a jury instruction on the permissive lesser included offense of unnatural and lascivious act.

### B.  The State's Preservation Argument

Despite its concession about Wong's entitlement to the instruction, the State argues for affirmance on the theory that the asserted insufficiency of defense counsel's request for the instruction on the permissive lesser included offense and the absence of any clear ruling on the request by the trial court were insufficient to preserve the issue for appellate review.  In the State's view, defense counsel's request for the jury instruction failed to satisfy the contemporaneous objection rule.  In order to address

- 11 -

the preservation issue, it will be helpful to explore more fully what actually happened at the charge conference in the trial court.

## C. The Charge Conference

During the course of the charge conference,[6] the trial judge and counsel "multitasked" by repeatedly interrupting the discussion of the proposed instructions to address unrelated issues. Obviously, this manner of proceeding was less than ideal. One of the issues for which frequent interruptions were made was defense counsel's request for a recess in the trial to allow time for two defense witnesses to arrive from the east coast of Florida.

Wong was represented at trial by privately-retained counsel. The State had assigned two prosecutors to try the case against Wong. During the charge conference, one of the prosecutors initiated a consideration of the possibility of instructing the jury on lesser included offenses by inquiring of defense counsel, "Are you asking for any lessers?" Defense counsel answered, "Let me look at them." The prosecutor replied helpfully, "There aren't any category one. . . . There's cat[egory] two lessers, but [I] don't have my book out in front of me [to determine] what they are." (Emphasis added.) Without her book, the prosecutor said, "I'll grab yours, [defense counsel]," obviously referring to defense counsel's book. Apparently after consulting his book, defense counsel said, "Your Honor, I'm looking at 11.8,[7] committing unnatural act and lascivious act. 11.8. I don't know if [the prosecutor] has a copy of that." It is

---

[6]I note that Wong was not present for the charge conference.

[7]Section 11.8 is the standard jury instruction for "Committing Unnatural and Lascivious Act," section 800.02, Florida Statutes.

apparent from this exchange between the prosecutor and defense counsel that the "book" to which they both referred contained a copy of the Florida Standard Jury Instructions in Criminal Cases. Thus both the prosecutor and defense counsel consulted the standard jury instructions at the charge conference in the presence of the trial judge in order to determine the category one and category two lesser offenses that might be appropriate for the crimes with which Wong was charged.

After both the prosecutor and defense counsel had reviewed the possible category two lesser included offenses listed in the "book," the exchange between defense counsel and the trial judge to which the majority refers proceeded as follows:

> [DEFENSE COUNSEL]: Your Honor, I don't know if the State's in agreement with me on this, category two of a lesser is committing natural—unnatural and lascivious act. I think the evidence does support a lesser of this charge. Defendant is charged, the act was unnatural and lascivious, and unnatural means not in accordance with nature or with normal feelings of behavior, and lascivious, we've got the same as lascivious. I would ask for this instruction also to be given as a lesser.
>
> THE COURT: I don't have to give a lesser for category two.
>
> [DEFENSE COUNSEL]: I understand. I'm asking you. I'm pleading.
>
> THE COURT: I'm going to give your witnesses until 4 o'clock. I've been waiting for 25 minutes now.
>
> [DEFENSE COUNSEL]: May I go make a phone call?
>
> THE COURT: Go ahead. Are we set to go?
>
> [THE PROSECUTOR]: I have one thing to address, but I think the defendant needs to be out here.
>
> (Defendant entered the courtroom.)

- 13 -

(Emphasis added.)  After Wong returned to the courtroom, a discussion ensued about the nature of the testimony to be elicited from two of the defense witnesses.  Then defense counsel called his first witness.

The trial judge's remark made after defense counsel twice repeated his request for an instruction on the lesser included offense did not address the jury instruction request but instead granted defense counsel's prior request for a brief recess in the proceedings to allow time for his witnesses to arrive.  Thus at the conclusion of defense counsel's repeated request for the instruction on unnatural and lascivious act, the trial judge said nothing in response and peremptorily directed the discussion to matters unrelated to the jury instructions.  Notably, one of the two prosecutors had initiated the discussion of "cat[egory] two lessers"; neither of them made any objection to the giving of the instruction requested by defense counsel.

### D.  The Contemporaneous Objection Rule

In this case, the trial judge watched while defense counsel and one of the prosecutors consulted the Florida Standard Jury Instructions in Criminal Cases to determine the lesser included offenses that were available for the crimes with which Wong was charged.  After consulting this resource, defense counsel informed the trial judge that he was "looking at" the lesser included offense of unnatural and lascivious act.  A discussion of unrelated matters followed.  Next, defense counsel formalized his request for an instruction on that offense and explained that an instruction on the lesser included offense was justified based on the allegations of the information and the evidence presented.  Neither of the two prosecutors objected to the requested instruction.  Thus the trial judge understood that the standard jury instructions listed the

- 14 -

requested instruction as a category two, permissive lesser included offense of the crimes charged, that defense counsel had articulated a rationale for the giving of the instruction, and that the State had not interposed any objection. With these facts clearly before him, the trial judge declared—incorrectly but with considerable assurance—"I don't have to give a lesser for category two."

The trial judge's declaration that he did "not have to give a lesser for category two" reflects the trial judge's misconception that he had the unbridled discretion to refuse to instruct the jury on category two, permissive lesser included offenses. After the trial judge made this declaration, defense counsel reiterated—not once but twice—his request for an instruction on the lesser included offense. Obviously, the trial judge had heard all he wanted to hear on the subject and believed that his brusque—but mistaken—declaration had disposed of defense counsel's request. Refusing to respond directly to defense counsel's twice-repeated reiteration of his request, the trial judge immediately took up the matter of defense counsel's pending request for a brief recess in the trial. Here, the trial judge's statement of his mistaken belief that he had the discretion to refuse to instruct the jury on category two, permissive lesser included offenses—coupled with his peremptory direction of the discussion to unrelated matters—was the equivalent of a declaration that he was exercising his assumed discretion to decline to instruct on category two lesser included offenses by declining to give defense counsel's requested instruction.

I take issue with the majority's claim that defense counsel's statement, "I understand," made in response to the trial judge's claim that he had the discretion to decline to instruct the jury on category two, permissive lesser included offenses

- 15 -

amounted to an acknowledgment and agreement "with the court's general statement of the law that instructing the jury on category two lessers is not mandatory."[8]  Defense counsel might have been more prepared for the charge conference, but he knew better than that.  The verb "to understand" is a general term that "can apply to a range of situations or degrees of perception."  The American Heritage Dictionary of the English Language 1889 (5th ed. 2011).  When defense counsel said, "I understand," he was using the term in the sense of "[t]o become aware of the intended meaning of (a person or remark, for example): *We understand what they're saying; we just disagree with it. When he began describing his eccentric theories, we could no longer understand him.*"  Id.  Here, defense counsel's courteous and respectful response to the trial court's incorrect statement of the law meant only that he understood that the trial court had so ruled and was going to decline to give the requested instruction; it did not indicate agreement with the proposition stated.  Indeed, despite the trial judge's adverse ruling, defense counsel made not one but two more requests that the instruction on unnatural and lascivious act be given.

The First District's decision in Truett v. State, 105 So. 3d 656 (Fla. 1st DCA 2013), is instructive on the treatment of remarks by counsel such as, "I understand."  In Truett, defense counsel had filed a notice of intention to claim alibi and asked for a jury instruction on alibi.  Id. at 657.  A colloquy between defense counsel and the trial judge ensued during which the trial judge explained why he thought that the defense was not entitled to the requested instruction.  Id. at 657-58.  In a manner similar

---

[8]Curiously, the majority does not address the subject of whether the trial judge's "general statement of the law" is correct.

- 16 -

to defense counsel's response of "I understand" in this case, defense counsel in Truett responded, "Okay." Id. at 658. The trial court did not instruct the jury on the defense of alibi, and upon being asked if there were "any exceptions or objections with the reading of the instructions," defense counsel made no objection. Id.

On appeal, Truett argued that the trial court's failure to instruct on the defense of alibi upon request was error. Id. The State responded that Truett had "waived the claim he now asserts on appeal by acceding to the trial judge's explanation of the alibi defense, and the court's ruling that Truett had failed to adduce sufficient evidence to justify administering the alibi instruction." Id. at 659. In other words, the State based its lack of preservation argument in Truett—at least in part—on counsel's neutral statement of "Okay," made in response to the trial court's explanation of its reasons for refusing to give the alibi instruction. In addition, the State relied on Truett's failure to make a specific objection after the reading of the jury instruction in support of its claim of waiver. Id. The State also relied upon the same facts in support of a claim that Truett had abandoned his request for the alibi instruction. Id. The First District rejected the State's claims of waiver and abandonment, reversed Truett's conviction, and remanded the case for a new trial. Id. at 660. The First District explained its ruling as follows: "The State fails to offer any cases which hold that Truett's conduct, as reflected in this record, amounts to abandonment of his claim." Id. at 659. Thus Truett stands for the proposition that a respectful response indicating nothing more than counsel's apprehension that the trial court is making an adverse ruling on a request for a jury instruction does not amount to a waiver or an abandonment of the request. In Wong's case, similar to Truett, defense counsel's neutral statement, "I understand,"

- 17 -

does not support the State's argument that Wong failed to preserve his request for an instruction on the permissive lesser included offense.

The majority also faults defense counsel for his failure to make an express objection after the trial judge made it clear that he was refusing to give the requested instruction on the permissive lesser included offense. No such express objection was required. This court has summarized the law concerning what counsel must do to satisfy the contemporaneous objection rule upon the trial court's refusal to give a requested jury instruction as follows:

> The State also argues that, even if the trial court did err in instructing the jury, the issue was not properly preserved for appeal because defense counsel failed to object to the instructions as given. While objections with regard to jury instructions are subject to the contemporaneous objection rule, State v. Delva, 575 So. 2d 643, 644-45 (Fla. 1991), the objectives of this rule are satisfied "when the record shows clearly and unambiguously that a request was made for a specific instruction and that the trial court clearly understood the request and just as clearly denied the request." State v. Heathcoat, 442 So. 2d 955, 956 (Fla. 1983). This court, as well as other Florida courts, has repeatedly applied this rule to hold that the issue of failure to instruct on a lesser-included offense was properly preserved once the instruction was requested, regardless of counsel's failure to object either after the request was denied or after the instructions were given. See, e.g., Flint v. State 463 So. 2d 554, 556 (Fla. 2d DCA 1985). In this case, defense counsel properly preserved the issue for appeal by requesting an instruction on the lesser-included offense of battery despite the fact that counsel arguably did not specifically protest the trial court's denial of that request.

Bryant v. State, 932 So. 2d 408, 410 (Fla. 2d DCA 2006); see also Truett, 105 So. 3d at 660 (rejecting the State's argument that defense counsel failed to preserve his request

- 18 -

for an instruction on the defense of alibi because he did not object further after the trial judge explained his reasons for denying the request).

In this case, the record shows that defense counsel made a request for an instruction on a specific lesser included offense. Defense counsel's request was not vague or subject to any misunderstanding. On the contrary, defense counsel expressly referred to section 11.8 of the standard jury instructions, the instruction for "Committing Unnatural and Lascivious Act." Defense counsel explained the reasons for his request for an instruction on what was a category two, permissive lesser included offense by referring to the allegations of the information and the evidence presented at trial. The trial judge knew that defense counsel had made the request only after consulting the standard jury instructions to determine the available lesser included offenses for the crimes charged. In light of all of the surrounding circumstances, defense counsel's remarks—though brief—were so clear, direct, and specific that the meaning of and the grounds underlying his request were unmistakable. As noted above, the trial judge's curt response—"I don't have to give a lesser for category two"—coupled with this peremptory direction of the discussion to unrelated matters reveals two things. One, the trial judge mistakenly believed that he had the discretion to refuse to instruct the jury on category two, permissive lesser included offenses. Two, the trial judge intended to exercise that assumed discretion by denying the requested instruction.

After acknowledging but not agreeing with the trial judge's incorrect statement of the applicable law, defense counsel repeated his request for the instruction two more times by saying, "I'm asking you. I'm pleading." This was sufficient to satisfy the requirements of the contemporaneous objection rule and to preserve the denial of

the requested instruction for appellate review. Defense counsel clearly requested a specific instruction, the trial court understood the request, and the trial court—misunderstanding the requirements of the applicable law—refused to give the requested instruction. Further objection by defense counsel then would have been pointless. See State v. Heathcoat, 442 So. 2d 955, 957 (Fla. 1983); Hicks v. State, 622 So. 2d 14, 17 (Fla. 5th DCA 1993).

I note that defense counsel's efforts at preservation in this case were just as good—if not better—than the efforts of defense counsel in other cases where the appellate courts rejected similar arguments by the State about an asserted lack of preservation of the refusal to give a requested jury instruction or instructions for appellate review. See, e.g., Fernandez v. State, 570 So. 2d 1008, 1010 (Fla. 2d DCA 1990) (describing defense counsel's argument in support of the requested instructions as "modest"); Rodriguez v. State, 789 So. 2d 513, 515 (Fla. 5th DCA 2001) ("It was enough to simply request the battery charge."); Jones v. State, 714 So. 2d 627, 628 (Fla. 1st DCA 1998) (holding that defense counsel's request for an instruction on simple battery in a prosecution for battery on a law enforcement officer was sufficient even though defense counsel failed to inform the trial court that battery was a necessarily included offense); Arthur v. State, 717 So. 2d 193, 195 (Fla. 5th DCA 1998) (holding that an "admittedly vague argument" for an instruction on self-defense in a prosecution for aggravated assault was sufficient); Holland v. State, 634 So. 2d 813, 816 (Fla. 1st DCA 1994) (holding that a request for instructions on necessarily lesser included offenses was adequate for preservation despite the "somewhat ambiguous" state of the record in that regard); Rigdon v. State, 621 So. 2d 475, 478 (Fla. 4th DCA 1993)

(holding that defense counsel's argument in support of an instruction on a category two lesser included offense, though "modest," was sufficient to preserve the denial of the request for appellate review).

### E. Distinguishing _Watson v. State_

The majority cites Watson v. State, 651 So. 2d 1159 (Fla. 1994), in support of the proposition that Wong failed to preserve the jury instruction issue for appellate review. Watson was convicted of first-degree murder and sentenced to death. Id. at 1160. On appeal, Watson argued that the trial court had failed to properly instruct the jury on when the death penalty was required. Id. at 1164. In determining that Watson had failed to preserve this issue for appellate review, the Florida Supreme Court noted that "the record indicates that Watson failed to object to the jury instructions after the judge instructed the jury, and failed to submit a specific jury instruction, which was denied by the court." Id. In Wong's case, unlike in Watson, defense counsel requested a specific instruction from the standard jury instructions that the trial court then refused to give. Thus a further objection was not required, and the issue was properly preserved for appellate review.

## II. CONCLUSION

In my view, a fair reading of the record in this case demonstrates that defense counsel satisfied the requirements of the contemporaneous objection rule with regard to his request for an instruction on the lesser offense of unnatural and lascivious act. Assuming that Wong can get over the preservation hurdle, the State admirably concedes that the trial court committed reversible error in refusing to give the requested

instruction.  Accordingly, I would reverse Wong's judgment and sentences and remand for a new trial.